HARRY FELL, DEFENDANT IN ERROR, v. THE H. FELL POULTRY COMPANY, PLAINTIFF IN ERROR.

Argued March 12, 1903—Decided June 15, 1903.

1. In the case, as presented by the plaintiff's evidence, the court properly refused defendant's motion for a judgment of nonsuit; and the charge of the judge to the jury clearly and correctly placed upon the plaintiff the burden of establishing, by the weight of evidence, the terms of the contract, upon which alone his right to their verdict should depend.

2. In the absence of contrary evidence, the law presumes that payment for services rendered by one at another's request shall be made in money.

On error to the Gloucester County Circuit.

For the plaintiff in error, *William T. Boyle* and *Charles A. Cogan.*

For the defendant in error, *Robert S. Clymer* and *Robert C. Sparks.*

The opinion of the court was delivered by

VREDENBURGH, J. The counsel for the plaintiff in error, in his argument and brief, brings to the attention of the court but two assignments of error—the *first,* that the trial judge erroneously refused to grant his motion for judgment of nonsuit against the plaintiff below, and *second,* that the judge erroneously charged the jury that "if the defendant claims a different contract, he must prove it, and the burden is on him." If the judge had granted the motion to nonsuit, I think he would have exceeded the plain legal duty then before him. The action was upon contract, brought to recover payment for services by the plaintiff as manager for the defendant corporation in its business. The declaration was framed upon the common counts, having annexed to it a bill of particulars, specifying that it was founded upon an account for wages due plaintiff from March 1st, 1896, to July 31st, 1900 (fifty-three months), at $25 per month, amounting to $1,325, but credited various payments of cash made by defendant to him, almost monthly, during the service, amounting to $841.37. The defendant below did not, and does not now, contend, under his motion to nonsuit, that the services sued for were not performed by the plaintiff, nor that they were to be gratuitous, nor had been performed without defendant's request. His insistment pressed before us by his brief is that the testimony of the plaintiff had shown that his contract was made on the 1st day of March, 1896,

and that the company was not incorporated until March 10th, 1896, and that such contract "could not bind the defendant company." But this contention ignores the legal effect of the testimony which had then appeared in the plaintiff's case. It had been testified by a Mr. Brooks that he had been, during the years 1896, 1897 and, he thought, 1898, the secretary and treasurer of the corporation defendant, and had kept the books of account of the company as secretary and treasurer, and that he had authority to employ people to work upon the property of the corporation, and that, when the private company was turned over into a corporation, the plaintiff, who had been with, and worked for, the company before its incorporation, was to receive the same remuneration afterwards, and each month he was credited upon the books with the amount of salary he was to receive (which the witness swore was to be $25 per month), and his account was charged with the amount which he did receive. This evidence detailed by the secretary, as to the contents of the defendant's books of account, was not objected to by the defendant (in whose custody those books presumably still remained), and was therefore properly before the trial court for its consideration. The plaintiff also had sworn that he had rendered services as general manager for the defendant company from March 1st, 1896, until July 31st, 1900, and that his claim was for those services performed after the company was incorporated; that two of the directors (one of them being the president) had told him that they intended to give him a salary of $25 a month; that the cash payments for which he had been given credit were made to him on account of the agreement the company had made with him to pay him such salary or wages. As this evidence of the plaintiff and his witness stood, when the motion to nonsuit was made, it clearly established the defendant's liability. It amounted, in legal effect, to a distinct admission by the defendant, in writing upon its own books—*first,* of the employment of the plaintiff's services by the defendant at the specified rate; *second,* of the rendition of such service by the plaintiff for the defendant; *third,* of numerous payments on account of those services by the

defendant to the plaintiff in recognition of its obligation to pay him money for those services at the price claimed. Even if the actual making of the contract in question had, as insisted, antedated the defendant's legal incorporation, the evidence referred to had established an acceptance and repeated ratification by defendant of the contract after defendant had acquired contractive capacity. Nor has the second assignment of error, above quoted, we think, any solid support. The defendant had no standing, under the pleadings, to demand affirmatively in that suit the enforcement of the terms of any contract different from the one sued upon. The plaintiff had sued to recover payment of money under contract for his services, and could recover *money* or *nothing* in the suit, and the defendant, not disputing that such services were performed, and that plaintiff was entitled to be paid for his services, introduced evidence to show that the true terms of the contract between them required the plaintiff to accept, in payment for his services, defendant's *stock* instead of *money*. If this position had been established by the weight of evidence, it would have .been a complete defence to the suit. ·But in the absence of proof to the contrary, the law presumes that such services are payable in money. The trial judge, in charging as to this issue, had said to the jury, *inter alia,* that if the plaintiff engaged to take stock instead of $25 a month, "it was a legal bargain. Now, which bargain was made? That is what you have to decide," and added (in response to the plaintiff's request), "that if the defendant claims a different contract [than for money], he must prove it, and the burden is on him." This was correct. The implication and presumption of the law, as the common counts of the present (and of every declaration in *assumpsit*) declare, is that promise is made by the defendant to pay *money* for the price and value of work done and services performed at the latter's request. Such presumption was the defendant's burden to overcome by evidence. When the defendant sought to rebut this presumption, and attempted to show that the services were to be paid for by something other than money, it assumed the affirmative upon that question, and, of course, the burden of proof.

The defendant's counsel, in his brief, argues that the *onus probandi,* generally, was erroneously, by the charge, taken from the plaintiff's shoulders and placed upon the defendant, but this is a misconception of the meaning of plain language. The bill of exceptions shows that the judge, in response to the defendant's requests to charge the jury, further expressly instructed them that "the plaintiff was bound to prove his case by a preponderance of proof," and that "the weight of evidence must be on the plaintiff's side," * * * and that, "if the proof was equal [in weight], the defendant was entitled to a verdict." Other explicit expressions in the judge's charge are to the same effect, and no jury, of even the most moderate claims to intelligence, could have been misled by the expression upon which error has been assigned. The charge to the jury clearly and correctly placed upon the plaintiff the burden of establishing, by a preponderance of proof, the terms of the contract, upon which alone his right to their verdict should· depend.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM. 14.

*For reversal*—None.