FRANK E. WINFIELD, RESPONDENT, v. PAUL LUDWIG, APPELLANT.

Sumbitted March 23, 1911—Decided June 7, 1911.

Upon an appeal from the District Court this court will not consider legal questions not presented by exception or otherwise contained in the state of the case.

On appeal from Second District Court of Newark.

Before Justices SWAYZE, BERGEN and MINTURN.

For the appellant, *Charles M. Mason.*

For the respondent, *Francis S. Winfield.*

The opinion of the court was delivered by

MINTURN, J.   The defendant justifies an assault and battery upon the plaintiff by alleging that he was a justice of the peace and that that apprehended the plaintiff as a disorderly person.   The apprehension took place in this wise, as found by the trial court:

The plaintiff undertook to deliver some trees to the defendant at his home; a discussion took place between them, as a result of which the defendant seized the plaintiff, and calling upon a bystander to assist him, displayed his shield and took the plaintiff as a prisoner into defendant's home, where, without the formality of a trial, the plaintiff, as the record shows, being "frightened in a distressing manner broke down and cried like a baby."   And the record proceeds, "When he [plaintiff] was reduced to a state of exhaustion, Ludwig [defendant] told him that sentence would be suspended and he could go."

The trial court in the state of the case found that the plaintiff was at no time disorderly or used improper language; that no warrant had been issued for his arrest, and that there was no trial.

In view of these findings it is difficult to perceive upon what theory of the common or statute law the defendant justifies his mediæval procedure.   The specifications on appeal contain various legal reasons which, considered in the abstract present, if substantiated, a justification for the acts of a peace officer in making an arrest for an open and conspicuous violation of law.   But we are limited, in considering the case, to the facts found and the question presented by the trial court in the state of the case, and cannot consider legal questions not pre-

sented by the state of the case. *Wegan* v. *Inhabitants, &c.,* 52 *Vroom* 224.

And, since that court has found that the defendant committed the acts complained of without a semblance of trial or judgment, his liability for the tort-feasance becomes manifest. *Grove* v. *Van Duyne,* 15 *Vroom* 660; *Taylor* v. *Doremus,* 1 *Harr.* 473.

The judgment of the District Court will be affirmed.