ARSSENE PIAT v. IDA BALDAUF.

Submitted December 4, 1913—Decided March 4, 1914.

The act of 1912, chapter 368, prescribes that for the purpose of re-
deeming lands sold for non-payment of taxes, the owner, mort-
gagee, &c., shall in addition to the purchase-money pay to the
collector of the municipality "twelve per centum interest thereon."
*Held*, that the obligation thus imposed is to pay interest at the
rate of twelve per centum per annum, and not twelve per centum
of the purchase price.

Appeal from the Third District Court of Bergen county.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the plaintiff, *D. Eugene Blankenhorn.*

For the defendant, *Harry B. Brockhurst.*

The opinion of the court was delivered by

MINTURN, J.    The plaintiff in seeking to redeem his land
from a tax sale, at which the defendant was the purchaser,
tendered to her and to the township collector the amount
represented and claimed to be due upon the certificate of
sale, excepting the expenses of a search, which defendant
caused to be made, and also twelve per centum of the amount
of the purchase price, both of which items defendant insisted
upon receiving as a condition precedent to redemption by
plaintiff.

Plaintiff finally paid under protest the total amount de-
manded, and then instituted this suit to recover the amounts
of the two items which he insists the defendant had no legal
right to demand and receive.

The District Court awarded judgment in favor of the
plaintiff, and this appeal presents the question whether such
judgment is correct.

The state of demand and specifications present only these two questions for our consideration.

We think under the provisions of the act of 1912, chapter 368, the charge for search fees, except in the case of a municipality, as a purchaser upon a tax sale, is without legal warrant.

The question of the constitutionality of that act is not before us, since it was not raised below, and is not presented for our consideration in either the state of the case or the specifications on appeal. *Winfield* v. *Ludwig,* 52 *Vroom* 375.

The rate of interest chargeable under the provisions of the act is twelve per centum, which defendant insists means twelve per centum of the price paid at the sale, since the act is silent regarding the time to which the rate is to be applied. We think this construction unwarranted and unreasonable.

The general intent of the legislature in prescribing an interest charge as a penalty for non-payment of taxes is that the rate shall be charged upon the amount, upon a per annum basis, and in the absence of a clear expressed intent to the contrary, we must assume that the legislature by its language intended to conform to the computation of interest at the prescribed rate, to the usual business and commercial methods prevailing in the community. *Young* v. *Godbe,* 15 *Wall.* 562.

The computation of the interest therefore at twelve per centum per annum as a basis for this judgment was correct.

The judgment will be affirmed, with costs.