JOHN HUREY ET AL., PARTNERS, &c., RESPONDENTS, v. NATHAN R. LEAVITT, GUARDIAN, &c., APPELLANT.

Submitted July 3, 1919—Decided July 18, 1919.

1. The guardian of an insane person committed to a state hospital, appointed under section 24 of the act of 1916 (*Pamph. L., p.* 196), has no power to contract obligations generally on behalf of the lunatic, nor is he liable on the contracts of the lunatic even for necessaries. His function is limited to conservation of the estate of his ward and its application to the maintenance of such ward at the hospital.
2. On appeal from a District Court where the facts are stipulated, this court may, under *Comp. Stat., p.* 2016, *pl.* 213a, give such final judgment as is proper instead of remanding for a new trial.

On appeal from the Elizabeth District Court.

Before Justices SWAYZE and PARKER.

For the appellant, *Schuyler M. Cady.*

For the respondents, *Charles F. McKinney.*

The opinion of the court was delivered by

PARKER, J. The defendant is the guardian, under section 24 of the "Insane" act of 1916 (*Pamph. L., pp.* 182, 196), of the estate of one George Pifon, who, at the time of defendant's appointment, June 14th, 1918, had been committed to the state hospital as insane. This suit is to recover the amount of plaintiffs' bill for conducting the funeral of Pifon's wife. She died October 21st, 1918, we presume while he was confined at the state hospital. He himself gave the order for the funeral and plaintiffs carried it out. Defendant had nothing to do with it. The District Court held, however, that he was liable in his capacity as guardian, over objection duly made.

This was clearly erroneous. The common law rule has always been that a lunatic is liable to be sued for his lawful debts in his own name as if he were a sane person, the court protecting his interests by guardian *ad litem*. *Coombs* v. *Janvier*, 31 *N. J. L.* 240 (at *p.* 243); *Van Horn* v. *Hann*, 39 *Id.* 207, 212. Debts incurred by the lunatic for necessaries are within this rule. *Id.* That the decent burial of a lunatic's wife is to be classed with necessaries is not denied, and must perforce be conceded by plaintiffs, for if the lunatic himself could not lawfully order the funeral, and the defendant actually did not, they can recover from neither.

The same rule of law is recognized and applied in the later case of *Wilkinson, Gaddis & Co.* v. *Markert*, 65 *N. J. L.* 518.

The case of *Coombs* v. Janvier related to an habitual drunkard, whose legal status this court said was assimilated to that of a lunatic. Van Horn v. Hann related to a party adjudged a lunatic under a general inquisition of lunacy, pursuant to the earlier act. *Comp. Stat., p.* 2782 *et seq.* If, in such a case, the guardian was not liable on the lunatic's contracts, *a fortiori,* is a guardian exempt when appointed under section 24 of the act of 1916; for that statute rigidly limits his jurisdiction and duties. It is confined to cases where the "patient" has real or personal property, where no arrangements have been made for his maintenance (at the asylum) and no application for a general guardian has been made to the proper orphans court. The guardian appointed under the act in question is to serve "during such commitment," and his "duty" is declared to be "to conserve such estate for the purpose of maintaining such patient in the institution in which he may be legally confined." So, it was beyond his power as guardian even to contract for the funeral, had he undertaken to do so. His function was the simple one of conserving the estate and applying it to maintenance of the patient in the hospital. He could neither contract other obligations to bind that estate nor pay outside obligations created by the lunatic himself.

It follows that the judgment below must be reversed; and as the case is before us on stipulated facts determinative of the present issue, judgment for the appellant, defendant, and against the respondents may be entered in this court. *Comp. Stat.*, p. 2016, § 213a; *National Bank* v. *Berrall*, 70 *N. J. L.* 757; *Schuster* v. *Arena*, 83 *Id.* 79; *Kendel* v. *Guterl*, 84 *Id.* 533.