RACHEL A. LYNCH, EXECUTRIX, &c., APPELLANT, v. COMMERCIAL CASUALTY INSURANCE COMPANY, RESPONDENT.

Submitted July 7, 1919—Decided November 17, 1919.

Where a provision in a policy of accident insurance contains an exception from liability, where the injury is caused by any person employed under the age of sixteen years, and in the case at bar it appeared that the injury was the proximate result of the absence of a boy of fourteen years from the elevator, which was in his charge—*Held*, that the case was within the exception contained in the policy, and defendant was not liable thereon for injuries sustained by one who fell into the unprotected opening, caused by the ascending of the elevator while the boy was absent.

On appeal from the Supreme Court.

For the appellant, *Coult & Smith.*

For the respondent, *William E. Holmwood.*

The opinion of the court was delivered by

MINTURN, J. The defendant company issued a policy of insurance to plaintiff's testatrix, insuring her against damage, arising from bodily injuries received by any person while upon the premises 306-308 Market street, in Newark.

One Joseph M. Haberbush sustained such injuries, and recovered judgment therefor, in the Newark District Court, the amount of which judgment was paid by plaintiff. This suit was instituted to recover reimbursement for the liability thus established, and the judgment so paid.

The issue presented is based upon certain exceptions contained in the policy of insurance which, after the usual covenants providing for such payments, excepts from the obligation the following: "Except claims arising by reason of— 1. Injuries or death caused by any person employed in violation of law while in charge of or operating any elevator, or

by any person so employed under the age of sixteen (16) years, where no age limit is fixed by law for elevator attendants, or by any person otherwise employed in violation of law as to age or under the age of fourteen (14) years where there is no legal restrictions as to age of employment."

It was established on the trial that the accident to Haberbush arose out of the negligence of a boy of fourteen years of age, who, while in charge of the elevator in the building, left it unattended, on the first floor, and during his absence some one upon an upper floor pulled the rope causing the elevator to ascend, thus leaving the opening on the first floor unguarded, into which Haberbush fell and was injured.

The District Court rendered judgment for the plaintiff, and the Supreme Court reversed upon the ground that the case presented was clearly within the age limitation prescribed in the policy.

We think this conclusion of the Supreme Court was correct, for the reasons stated in the opinion of that court.

We agree that the proximate cause of the accident was the absence of the boy from his post of duty.

The pulling of the elevator rope by another, simply presented the condition which made the accident possible, and which would have been prevented if the boy had been attending to his duty.

The immediate and proximate cause of the damage, therefore, was the absence of the boy from the unprotected opening thus created and into which Haberbush fell.

Where, as in the case at bar, the language of a covenant is unambiguous, clear and specific, the rule is similar to that adopted in the construction and interpretation of statutes, that no room is left either for interpretation or construction. *Thornley* v. *United States,* 113 *U. S.* 310; *Lake County* v. *Rollins,* 130 *Id.* 662; *Gillard* v. *Manufacturers Co.,* 93 *N. J. L.* 215.

The judgment of the Supreme Court, however, in ordering a reversal, further directs that judgment be entered for the defendant. This, manifestly, was an inadvertence, since the legal effect of the reversal was to require the issuance of a

*venire de novo* in the court below. For this reason the judgment of the Supreme Court will be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Minturn, White, Heppenheimer, Williams, Taylor, Gardner, Ackerson, JJ. 12.