MAXWELL GREENBERG, RESPONDENT, v. IRVING ROSE, APPELLANT.

Submitted March 26, 1923—Decided June 18, 1923.

On appeal from the Hudson County Circuit Court.

For the appellant, *J. Emil Walscheid.*

For the respondent, *Alex. Simpson.*

PER CURIAM.

This is an appeal from a judgment entered upon a verdict in favor of the plaintiff in an action for malicious prosecution. The averment of the complaint was that the defendant, who was the manager of a theatre at Union Hill, had maliciously and without reasonable or probable cause charged the plaintiff, who was leader of the orchestra, with breaking into a certain locker in the theatre building and stealing therefrom a violin and a certain quantity of sheet music belonging to one of the members of the orchestra; and that he caused the arrest and confinement of the plaintiff upon this charge.

The facts which induced the defendant to charge this act of larceny against the plaintiff were not in dispute, and, that being so, the question of whether or not the defendant had probable cause to make the charge was one of law, to be determined by the court. This principle is entirely settled by our decision. See *Vladar v. Klopman,* 89 *N. J. L.* 575, and cases cited therein, page 578. The trial court, however, ignoring this legal principle, submitted the question of the existence or non-existence of probable cause to the jury, and in so doing committed legal error. It is suggested that such error was harmless because on the undisputed facts the jury probably resolved the question of the existence of probable cause against the defendant. But this fact by no means

demonstrates that the error was harmless; for it is quite possible that, if the trial court had assumed the burden, which, under the decisions referred to, rested upon it, a different conclusion upon this point would have been reached from that exhibited in the verdict of the jury. It is hardly necessary to add that, where an error of law committed by the trial court may have been injurious and the ruling deals with a fundamental factor of the case, the judgment must be reversed. Citation of authority is not required to support so elementary a proposition.

We have not overlooked the fact that in some of our earlier decisions this court has assumed the burden of giving original consideration to the question whether or not the undisputed facts did or did not exhibit probable cause for the defendant's action. We are, however, not under any obligation to assume this burden, for normally this court does not act as a court of first instance, but merely sits to determine whether or not in a given case fundamental errors appear in the trial of the case in the court below.

The judgment will be reversed and the record remitted in order that the Circuit Court may consider and determine the legal proposition adverted to.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 13.