MARTHA LAMBERT, BY NEXT FRIEND, ET AL., RESPONDENTS, v. TRENTON AND MERCER COUNTY TRACTION CORPORATION, APPELLANT.

Argued May 5, 1926—Decided December 9, 1926.

1. Rules of court are devised as a method of facilitating the correct and orderly exposition of substantive law, and the proper administration of justice, and when for any reason they cease

in actual practice to accomplish that function, their efficacy as rules *pro tanto* cease, and such an equitable construction or application will be accorded them, as will effectuate the manifest design and purpose of their framers.

2. When the court entirely omitted from its charge a statement of the fundamental rule of law governing the assessment of damages by the jury, and after the court's charge counsel requested, orally, that the court charge with reference thereto, the court's refusal to charge the jury the rules governing the assessment of damages, because such request had not been submitted in writing before the court delivered its charge, was erroneous.

On appeal from the Mercer Common Pleas Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the respondents, *Martin P. Devlin.*

For the appellant, *Edward L. Katzenbach.*

The opinion of the court was delivered by

MINTURN, J.    The action was instituted for damages for personal injuries sustained by Martha Lambert, the five-year-old daughter of the co-plaintiff, Louis Lambert, who collided with the defendant's trolley car, in the city of Trenton, whereby she sustained injuries resulting in the amputation of her arm from the shoulder, and her father sustained damage of an incidental character resulting from the basic damage to the child. The trial resulted in a verdict for the child for $25,500, and for $2,500 for the father, and from these verdicts an appeal has been taken by the defendant.

Two grounds of appeal are specified—the first based upon an alleged error in the charge of the court, and the second upon the claim that the court illegally refused to charge an oral request, submitted by counsel for the defendant, after the court's charge had been delivered. It must suffice to say in answer to the first specification that it is not legally before us, since no exception was entered to the charge. The second ground of appeal, however, possesses the merit that

it substantially states the law applicable to the situation which the trial court in its charge, apparently, overlooked. The court had completed its charge, and before the jury retired counsel for the defendant requested the court orally to charge "that for all future losses in any verdicts that are given for the plaintiffs, the verdicts should include the present value of future losses, and not the future value." While this request was more or less legally involved, it, however, comprehended substantially a correct statement of the legal rule applicable to the present value of a verdict for damages accruing *in futuro,* and to which subject in its charge the court had made no reference. The learned trial court, however, raised no exception to the form of the request, but refused to entertain it because it was not submitted in writing, and because it had not been submitted before the court delivered its charge, as required by the rules. The rule of procedure is settled that matters of law which either party desires to have charged shall be submitted in writing to the court before the charge is begun. *Carmany* v. *West Jersey and Seashore Railroad Co.,* 78 *N. J. L.* 552.

Rules of court, however, are devised as a method of facilitating the correct and orderly exposition of substantive law, and the proper administration of justice, and when for any reason they cease in actual practice to accomplish that function, their efficacy as rules *pro tanto* cease, and such an equitable construction or application will be accorded them, as will effectuate the manifest design and purpose of their framers. 7 *R. C. L.* 1027; *Vohlers* v. *E. H. Stafford Co.,* 171 *Mich.* 8; *United States* v. *Breitling,* 61 *U. S.* 252; *Eastman* v. *Amoskeag Co.,* 44 *N. H.* 143.

Counsel, therefore, might properly assume that the basic rules regulating the *quantum* of damages recoverable by each plaintiff would receive the attention of the court as an essential portion of its charge, without suggestion from counsel, and acting upon that assumption be prepared for nothing further than to enter an exception to such portion of the charge as should fail to meet the legal requisites, as conceived by counsel. When, therefore, the court entirely omitted from

its charge a statement of the fundamental rule of law governing the assessment of damages by the jury, no other practicable course would seem to have been open to counsel than the one he adopted of calling the court's attention to the omission, and requesting a statement to the jury of the law upon the subject. We think that in the exigency, the learned trial court, realizing the omission, should have detained the jury sufficiently to state to them the rule of law governing the subject, or, as an alternative, if deemed necessary, should have requested counsel to reduce his request in writing and submit it for the court's consideration before final submission of the case to the jury. *Dunne* v. *Jersey City Gal. Co.*, 73 N. J. L. 586; *Benz* v. *Central Railroad Co.*, 82 *Id.* 197.

For this reason we think the judgment should be reversed, and a *venire de novo* ordered.