## THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. IRVING P. PARSONS, PLAINTIFF IN ERROR.

Submitted October 14, 1927—Decided January 18, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff in error, *William I. Garrison* and *Robert H. McCarter*.

For the defendant in error, *Louis A. Repetto,* prosecutor of the pleas.

Per Curiam.

Two indictments were found against the defendant based on chapter 72 of *Pamph. L.* 1919, being a supplement to the Crimes act, which provides by section 1 that—

"Any person who, with intent to defraud, shall make or draw, or utter or deliver, any check, draft or order for the payment of money upon any bank or other depositary, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in, or credit with, such bank or other depositary for the payment of such check, draft or order, in full, upon its presentation, shall be guilty of a misdemeanor    *    *    *."

The indictments were precisely alike, except that the first charged the uttering of a bad check for $3,000, and the second of a similar check for $2,000, at the same time and place and under the same circumstances. The indictments were tried together. They charged the uttering of the check with intent to defraud one Cramer, who was the first witness for the state. From his testimony it appeared that he was secretary and treasurer of a trust company in Atlantic City, and was there when the defendant or his secretary came in and got the checks cashed. They were drawn on the Pleasantville National Bank, which refused to pay them on presentation. This came to the knowledge of Cramer, who went to Pleasantville and took them up with his own funds. Cramer then saw Parsons on the matter and Parsons said he would make good later, and did give Cramer a note which was not paid, Cramer destroyed it, but Parsons gave him another in substitution for it.

The first point made is that the court erred in refusing to direct an acquittal on the ground that there was no proof in the case of knowledge on the part of Parsons that he had not sufficient funds in, or credit with, the Pleasantville bank for the payment of the checks on presentation, and that the evidence did show that on the date when the checks were cashed by Cramer, and for several days thereafter, the balance was sufficient, though it was insufficient when the checks finally came in through the exchanges. The answer to this is that, by

section 2 of the same act, it is provided that as against the maker of the check, the making, drawing, uttering or delivering thereof and the refusal of payment thereof by the drawee "shall be *prima facie* evidence of intent to defraud and of knowledge of insufficient funds in, or credit with, such bank or other depositary; provided, such maker or drawer shall not have paid the drawee thereof the amount due thereon, together with all costs and protest fees, within five days after receiving notice that such check, draft or order has not been paid by the drawee."

We are of opinion that the jury was entitled to say that this presumption created by the statute was not overcome, especially as the defendant must have known that the other checks which reduced the balance below the amount of the checks in question were outstanding and liable to be presented before the two checks mentioned in the indictment.

The next point is that the indictment charges that the intent of the defendant was to defraud Cramer, whereas the checks were cashed in the first instance with money of the Bankers Trust Company. We think, however, there is enough in the case to justify the inference that Cramer was defrauded as well as the trust company, especially as he took over the responsibility for the success of the deception.

Finally, it is urged that the court erred in refusing to charge as requested by the defendant, that—

"If the jury find from the evidence that after the issuing of said checks and the protesting thereof, and thereafter Cramer and Parsons got together and settled their differences, by Parsons giving a note in satisfaction of the checks, then they should acquit."

We think this request was properly refused. The proviso in section 2 of the statute quoted above relates to payment of the amount to the drawee together with all costs and protest fees, &c. The drawee on these checks was the Pleasantville National Bank, and there is nothing in the case to show that any payment whatever was made to that bank except by Cramer. Consequently, even if the note given by Parsons to Cramer could be regarded as payment in the intendment of

the statute, it would not be within the proviso. But we do not think the note was a payment in the intendment of the statute. That act denounces the uttering of a bad check as an offense against the public, punishable by a fine or imprisonment or both. The case is not a case of a settlement of a private claim, but of wiping out an offense by the state by making good in cash, as we view the matter; for the whole object of the statute might well be defeated if the drawer of a fraudulent check were enabled to escape punishment for his crime by settling with the defrauded party on a credit basis.

For these reasons the judgment will be affirmed.