REBECCA WINTER, PLAINTIFF-APPELLEE, v. METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Submitted January 19, 1943—Decided May 27, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Drewen & Nugent* (*Frederick M. Rollen-hagen,* of counsel).

For the appellee, *Nathan Baker.*

The opinion of the court was delivered by

PERSKIE, J.  This case involves the form of the *remittitur* to be handed down as the result of our decision in this case on the last appeal by the defendant.  129 *N. J. L.* 187; 28 *Atl. Rep.* (*2d*) 657.

This matter is before us on the motion of the plaintiff below, the unsuccessful party to the appeal, who would have the *remittitur* provide for a new trial.  The motion is resisted by the defendant, the successful party to the appeal, which would have the *remittitur* reverse the judgment below and direct the entry of a judgment in its favor.

The facts and grounds upon which we reached our result are fully set forth in our opinion, *ubi supra,* and need not here be restated in full.  Suffice it to observe we concluded that, under the circumstances, it was incumbent upon the plaintiff, a beneficiary under an insurance policy issued on the life of her mother, to prove the "nature" of her mother's "ailment," and that the "condition" for which "treatment" was sought by the mother was "not serious."  Plaintiff failed to supply such proofs.  The records of the hospital were not produced.  Nor was Dr. Gutowski, who treated the mother, asked concerning the seriousness of the ailment for which he treated her.  Such records and testimony were, of course, available at the time of the last trial which was the third one in the cause.  We, therefore, held that the proofs "failed" to make the "case one for the jury" and that a "verdict for defendant should have been directed."

This court has the right and power to direct the entry of judgments on appeals from the District Court.  *R. S.* 2:32-214; *Hurey* v. *Leavitt,* 93 *N. J. L.* 299, 301; 107 *Atl. Rep.* 457; *Studerus Oil Co., Inc.,* v. *Bienfang,* 122 *N. J. L.* 238, 240; 4 *Atl. Rep.* (*2d*) 787.  We exercise the right and power, however, to enter final judgment only when the facts have been stipulated, or the evidence is uncontroverted and

the issue one purely of law. *Cf. Lynch* v. *Commercial Casualty Insurance Co.*, 93 *N. J. L.* 425, 427; 108 *Atl. Rep.* 188; *Greenberg* v. *Rose*, 98 *N. J. L.* 881; 121 *Atl. Rep.* 616. Here there is no stipulation, the proofs are controverted and the basic issue is one purely of fact. In the circumstances here exhibited the plaintiff is entitled to adduce additional evidence, if she can, to sustain her pleaded cause of action.

Let the *remittitur* therefore provide for a new trial. Costs are to abide the event.