9 N.J. Super. 177 (1950)
75 A.2d 746
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MORTON KAPELSOHN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1950.
Decided September 23, 1950.
*178 Before Judges JACOBS, BIGELOW and JAYNE.
Mr. Charles Handler argued the cause for the appellant (Mr. Philip G. Schanerman, attorney; Mr. Samuel H. Berlin, on the brief).
Mr. George K. Meier, Jr., argued the cause for the State (Mr. Duane E. Minard, Jr., Essex County Prosecutor, and Mr. Charles V. Webb, Jr., Legal Assistant Prosecutor, attorneys).
The opinion of the court was delivered by JACOBS, S.J.A.D.
The defendant Morton Kapelsohn appeals from his conviction in the Essex County Court of the issuance of a check with intent to defraud in violation of R.S. 2:134-17.
The defendants Harry Gordon and Morton Kapelsohn, trading as Universal Construction and Engineering Co., were engaged in constructing a building for Jack K. Friedenreich. As the work progressed they received payments on account although Friedenreich withheld 15 per cent, as he was authorized *179 under the building contract, pending completion. On December 24, 1947, Gordon and Kapelsohn drew a check payable to Gordon in the sum of $590 on their account in the Hillside National Bank. The check was endorsed by Gordon who asked Friedenreich to cash it so that payroll could be met. Friedenreich endorsed the check and it was cashed at the Bank of Nutley where Friedenreich maintained an account. The check was returned for insufficient funds, was duly protested, and certificate of protest of nonpayment was executed.
Thereafter Friedenreich spoke to Gordon about the matter and was told, according to Friedenreich's testimony, "not to worry about it, but to please re-deposit it." However, the check was not deposited but was retained by Friedenreich. Gordon and Kapelsohn continued construction of the building and received further payments from Friedenreich. They testified that in February, 1948, they received a payment of $1,700 of which approximately $1,100 went to mason and plumbing contractors and $600 to Friedenreich in satisfaction of the check and incidental charges. Friedenreich denied that he had ever received payment of the check and his architect testified that although in February he presented a certificate for payment to Gordon and Kapelsohn in the sum of $1,100 he did not present any certificate in the sum of $1,700.
Both Gordon and Kapelsohn testified and denied any intent to defraud. Kapelsohn pointed out that on December 24, 1947, he had deposited slightly less than $800 in the account at the Hillside National Bank and that although he knew there were outstanding checks he thought "there would be more than sufficient funds" to pay the check for $590. In fact, the actual deficit on December 24, 1947, was less than $11, the bank records disclosing deposits on December 23rd aggregating $1,800, deposits on December 24th aggregating at least $795, and a balance of $579.42 at the close of December 24th.
Motions for judgment of acquittal were denied and thereafter the jury was charged. In the course of the charge the *180 court related the terms of R.S. 2:134-17 which provide that any person who delivers a check with intent to defraud, knowing that he has no funds or insufficient funds, shall be guilty of a misdemeanor. Reference was likewise made to the terms of R.S. 2:134-18 which provide that the delivery of a check as stated in R.S. 2:134-17 shall be "prima facie evidence of intent to defraud" and that the certificate of protest of nonpayment "shall be presumptive evidence" that there were no funds or insufficient funds and that the maker of the check had knowledge that there were no funds or insufficient funds in the bank. The court did not define the statutory presumption or state that it could be rebutted by evidence in the cause. Cf. State v. Parsons, 6 N.J. Misc. 76, 78 (Sup. Ct. 1928); affirmed, 105 N.J.L. 253 (E. & A. 1928). Counsel for the defendants objected to the "charge as to the statute and the failure of the court to charge that it is a mere presumption of guilt and can be overcome by the evidence as adduced in the cause." The charge was not supplemented by the court and the jury found both defendants guilty. Kapelsohn alone has appealed.
The evidence in the cause having been presented fully on behalf of the State and the defendants, the controverted issue for the jury's determination thereon was whether the defendants knew that there were insufficient funds and intended to defraud when they delivered their check; if the State had not carried its burden of convincing the jury beyond reasonable doubt on that issue the defendants were entitled to acquittal. Cf. State v. Giordano, 121 N.J.L. 469 (Sup. Ct. 1939). We are satisfied, from our reading of the charge in its entirety, that this determinative issue was not adequately submitted to the jury which may well have been misled into giving improper weight to the presumption in R.S. 2:134-18. Although the statutory presumption was referred to twice in the charge, nothing whatever was said as to its meaning; nor was the jury directly instructed that no conviction could be returned unless it was satisfied beyond reasonable doubt that the defendants issued the check with *181 intent to defraud, knowing that there were insufficient funds in their account. Cf. Morgan, Instructing the Jury Upon Presumptions and Burden of Proof, 47 Harv. L. Rev. 59, 63, 70 (1933). We incline to the view that when the case was submitted to the jury the statutory presumption, apart from its underlying inference as a matter of reasoning (see Meltzer v. Division of Tax Appeals, 134 N.J.L. 510, 512 (Sup. Ct. 1946)), was no longer of weight and need not have been brought to the jury's attention. See 1 Wharton's, Criminal Evidence (11th Ed. 1935), p. 80. Assuming, however, that the court was at liberty to refer to it in its charge, it seems to us that, having done so, it was fairly incumbent upon it to delimit its effect and clearly set forth the controverted issue for the jury's determination upon the evidence in the cause.
The State contends that the omission in the charge was the proper subject of written request which should have been submitted in timely fashion under Rule 2:7-8. It must be borne in mind that since this procedural requirement was simply designed to facilitate the proper conduct of criminal proceedings, it ought not be considered invariable and should give way where justice so requires. See Rule 1:2-19. Cf. Lambert v. Trenton and Mercer County Traction Corp., 103 N.J.L. 23 (Sup. Ct. 1926); affirmed, 104 N.J.L. 175 (E. & A. 1927). It is true that, in the instant matter, no pertinent request to charge was submitted in conformity with the Rule. However, counsel might reasonably have assumed that if the court referred to the statutory presumption it would, without specific request, instruct the jury as to its effect and immediately called the omission to the court's attention upon the close of the charge when a supplemental instruction might conveniently have been given. Cf. Hartwyk v. Shea, 114 N.J.L. 235, 237 (Sup. Ct. 1935). In the light of the circumstances and the evidence supporting the defendants' contention that their issuance of the $590 check, when their bank balance was only $579.42, was the result of mistake rather than fraud, we believe that the failure to *182 supplement the charge was prejudicial and that the interests of justice require a new trial.
In view of the foregoing, we find no occasion to consider other grounds advanced for reversal.
The conviction of Morton Kapelsohn is reversed.