21 N.J. Super. 405 (1952)
91 A.2d 351
UNITED STATES FIDELITY AND GUARANTY COMPANY, A CORPORATION LICENSED TO DO BUSINESS IN THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
VICTORIA DAVIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 4, 1952.
Decided September 25, 1952.
*406 Before Judges WAESCHE, FRANCIS and HUGHES.
Mr. Melvin B. Cohen argued the cause for the plaintiff-respondent (Messrs. Lowenstein & Cohen, attorneys).
Mr. Thomas L. Zimmerman argued the cause for the defendant-appellant (Mr. Robert W. MacQuesten, on the brief).
The opinion of the court was delivered by HUGHES, J.S.C.
The defendant-appellant was an assistant tax collector of a municipality and the plaintiff-respondent is a surety company which had issued, on her application, a bond of some kind, the nature of which is only meagerly described in the record. A comparatively small shortage in the accounts of the office of the collector, apparently due to improper bookkeeping, having been discovered, the surety company was called upon to pay and did pay the loss; for the portion thereof which accrued during the period of this employee's tenure in office, it brought suit against her and obtained judgment, from which this appeal is taken.
The learned trial court predicated its judgment, as indicated by its conclusions of law, upon the indemnity obligation assumed by the employee in the body of her application for the bond, in which she undertook
"* * * to protect and indemnify the Company against any loss, damage or expense including court costs and counsel fees or any *407 liability therefor incurred by it by reason of the execution thereof. Any payments made in good faith by the Company on account of any such liability, whether or not it is actually liable therefor, shall be conclusive evidence of my liability hereunder."
At the trial, the bond itself was apparently not at hand, and neither it nor proof of its terms or conditions were offered in evidence. The defendant stipulated that the bond applied for had been executed. The sole clue to the nature of this bond or to its specific terms or conditions consists in references to it in the findings of fact as a "fiduciary bond" and as a "bond to be given the Borough of Beach Haven to cover her as Assistant Tax Collector."
The evidence showed that during the incumbency of appellant as assistant tax collector, one or more other employees acted as her assistants, received cash and made entries in receipt books. Errors by these employees could as well have been accountable for the bookkeeping discrepancies underlying the established shortage, as would errors or bad faith on the part of the assistant tax collector herself, as is evident from examination of the audit reports and associated statements and correspondence of the New Jersey Director of Local Government, upon which the surety company chiefly relied at trial. This situation points up the necessity of proof of the conditions of the bond, for it is obvious that the circumstances of this shortage might or might not have constituted a breach of such conditions, by which liability might be imposed on the surety company. A fiduciary bond condition might be supposed that would be limited to the individual default of the public employee herself, whereas another might be of such generality as to include in coverage all shortages in the office administered by her, even those demonstrably due to the default of other personnel therein.
Although the indemnity agreement upon which the suit was grounded is broadly protective of the interest of the surety company, it is not unlimited in its scope. The commitment of indemnification of the surety embraces "loss *408 * * * incurred by it by reason of the execution thereof," which can only mean, by reason of liability accruing on breach of condition on the bond. The evidence of record does not disclose in any sense that the shortages certified constituted a breach of condition establishing liability on the bond. The promise of indemnity further extends to "any payments made in good faith by the Company on account of such liability, whether or not it is actually liable therefor * * *." At trial, however, there was no proof of any kind that the payment made by the surety company was made in good faith "on account of such liability," nor that, indeed, such payment had any relationship to a debatable or colorable liability. In view of the small amount involved, some $174, it would be equally probable that such payment might have been made routinely, without anything approaching the deliberation incident to a "good faith" recognition of liability for such payment, or for mere purposes of good will, or to avoid litigation. In any case, the relationship of the payment to some asserted liability on the bond, was a matter susceptible of proof by the surety company at trial, and the promise of indemnity certainly extended no further than to reimbursement of loss bearing such direct or putative relationship to such liability.
It is urged that the stipulation at trial admitting the execution of the bond settles the existence, nature and material terms and conditions thereof, dispensing with the necessity of proof of such. While our rules do not encourage equivocation or duplicity in the guise of extreme legalism in the field of admissions, discovery (Rule 3:36-1, Rule 3:37) or otherwise, we do not perceive any such element here, and cannot see that the waiver of proof of formal execution could fairly be construed as an admission of specific conditions of the bond, particularly in view of the relevance thereof to liability on the indemnity agreement, on which the appellant had joined crucial issue in the case.
Since the liability of the indemnitor extended only to a loss bearing the described relationship to liability of the *409 surety company on the bond, and since that in turn was determinable only by some proof of the terms and conditions, the breach of which could cause it, or at the least by proof of a good faith recognition of some asserted liability, there was a deficiency in the proofs necessary to support the judgment. There was not met the burden of proof of the terms of the whole of the contract, upon which depended the right of the surety company to judgment. Fell v. Fell Poultry Co., 69 N.J.L. 429 (E. & A. 1903).
The judgment is reversed and a new trial ordered.