UNITED STATES FIDELITY AND GUARANTY COMPANY,
A CORPORATION LICENSED TO DO BUSINESS IN
THE STATE OF NEW JERSEY, PLAINTIFF-RESPOND-
ENT, v. VICTORIA DAVIS, DEFENDANT-APPELLANT.

Argued May 11, 1953—Decided May 25, 1953.

*Mr. Thomas L. Zimmerman* argued the cause for appellant (*Mr. Robert W. MacQuesten*, on the brief).

The opinion of the court was delivered by

WILLIAM J. BRENNAN, JR., J.   Defendant obtained a reversal of an adverse judgment entered in the Essex County District Court and the cause was remanded for a new trial. *U. S. Fidelity & Guaranty Co., v. Davis*, 21 *N. J. Super.* 405 (1952).   Defendant petitioned for and we allowed certification to consider the single question whether the Appellate Division erred in not directing the entry of a final judgment in defendant's favor.   11 *N. J.* 410 (1953).

Defendant was Assistant Tax Collector of the Borough of Beach Haven, under bond furnished upon her application by plaintiff surety company.   There was apparently a small shortage in defendant's accounts due to bookkeeping errors and plaintiff paid the borough the sum of money involved. Plaintiff then brought this action alleging that under an indemnity agreement included in the body of the application for the bond executed by the defendant, she was obligated to reimburse plaintiff for such payment.   The bond was not put in evidence upon the trial, although the defendant admitted that a bond was executed.   The reversal by the Appellate Division turned on the holding that the nature and extent of defendant's obligation to indemnify plaintiff depended upon whether the payment by the plaintiff to the borough was in fact related to some asserted liability on the bond, that the "existence, nature and material terms and conditions thereof" could be determined only from the bond itself and were not to be inferred from admission merely that a bond was executed, and therefore that "there was a deficiency in the proofs necessary to support the judgment," 21 *N. J. Super.* 408, 409, *supra.*

██ Defendant's argument, in substance, is that plaintiff should not be allowed a second chance to prove a cause of action which it had a full and fair opportunity to prove at the first trial. However, the rule has long been settled that the power of an appellate court to direct entry of a final judgment upon reversal of the judgment of the trial court should be exercised "only when the facts have been stipulated, or the evidence is uncontroverted and the issue one purely of law." *Winter v. Metropolitan Life Ins. Co.*, 130 *N. J. L.* 242 (*Sup. Ct.* 1943) ; and see 5 *C. J. S., Appeal and Error*, § 1933, *p.* 1444; 3 *Am. Jur., Appeal and Error, sec.* 1218, *p.* 719. This, too, is the sense of *Rule* 1:4–9(*b*), made applicable to the Appellate Division by *Rule* 4:4–6, providing that the discretionary power of an appellate court to enter a final judgment applies "Where the determination of the appellate court is *dispositive of the cause.*"

Here the crucial facts of plaintiff's case were not fully developed or definitely settled upon the trial. They have not been stipulated and certainly do not stand uncontroverted. The remand for a new trial was therefore proper.

Affirmed.

BURLING, J., concurring in result.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For reversal*—None.