30 N.J. Super. 343 (1954)
104 A.2d 705
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EMANUELE CATALANO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 29, 1954.
Decided April 29, 1954.
*344 Before Judges EASTWOOD, JAYNE and CLAPP.
Mr. J. Bernard Saltzman argued the cause for the State (Mr. Donald G. Collester, attorney).
Mr. Arthur Minuskin argued the cause for defendant-appellant.
The opinion of the court was delivered by CLAPP, J.A.D.
Defendant was convicted in a municipal court and, on appeal, in a County Court, of having violated *345 the offense stated in the first paragraph of N.J.S. 2A:170-1. The County Court sentenced him to six months in the county jail, and fined him $50.
To make out the offense the State must  the intent of the first paragraph is somewhat revealed by the second sentence thereof  establish two matters: first, that the person apprehended "cannot give a good account of himself" or (we are not concerned with this here) that he "is engaged in an illegal occupation"; and second, that he "is in this State for an unlawful purpose." McNeilly v. State, 119 N.J.L. 237 (Sup. Ct. 1937).
Defendant lived in Paterson, New Jersey, near the home of Mr. and Mrs. John Kennedy. On the State's case, which will be set down first, evidence was adduced showing that defendant had gone to New York City, returning to Paterson 2:30 in the morning. The next two hours he was  it could be taken from the evidence  wandering about the streets of Paterson, and unable later to give an account of what he had been doing during that time. At about 4:45 A.M., Mrs. Kennedy called to Mr. Kennedy, and the latter, getting out of bed, saw defendant staring into a bedroom window of their home. Mr. Kennedy notified the police who caught defendant a few minutes later. Indeed, he had been questioned by the police two times before in that year (so it is said) "on the same general charge."
On the appeal the State's claim was that defendant's unlawful purpose that morning was to have unlawful sexual intercourse; and in support of that claim the State relied on statements made by defendant to the police when they questioned him. The most significant statement was that made by him to the police the morning after the occurrence, namely, that the early morning "was the only time he had to get a woman." It must be borne in mind that he was being examined by the police as to his activities on the morning in question. In that setting his admission, that the early morning was the only time he had to get a woman, casts a fair implication that this was what he was about on that morning. In other words  to tie in the language of the *346 statute  this was a "purpose" of his, not a mere reverie, but an object he had set before himself as one to be attained. It can reasonably be implied, too, that "to get a woman" means to have intercourse, which here, apparently, would be only of an unlawful character. These implications stand up under scrutiny, despite the fact that the proofs as to his actions are not dispositive of the matter. In dealing with a man's purposes the statute concerns itself with his state of mind, and no action is needed in order to make this out.
The night before, the police questioning defendant, had elicited from him with respect to his purpose, merely this: "you can find the female sex early in the morning," or words to that effect. This latter statement may be said to be indicative only of an intention to "peep" at women, not to have intercourse.
Defendant on his case sought to give a good account of himself and to disclaim any unlawful purpose. He said he arrived in Paterson from New York at about 4 o'clock in the morning, going to his home only to find he had lost his key. In that predicament at that hour he decided to spend the night at a friend's home who lived nearby, and in fact was on his way when the police stopped him. He denied he had looked into the Kennedys' window or that he had said to the police he was looking for a woman.
The State had the burden of establishing beyond a reasonable doubt that defendant was guilty of the disorderly conduct with which he was charged. McNeilly v. State, 119 N.J.L. 237, 242 (1937), supra; 66 C.J., Vagrancy, § 22, p. 411; 27 C.J.S., Disorderly Conduct, § 7, p. 294; cf. State v. Labato, 7 N.J. 137, 151 (1951).
We see no reason to disturb the County Court's finding as to the first element of the offense above stated, namely, that defendant here could not give a good account of himself. Under the terms of the statute, the proof of this element of the offense raises up a rebuttable presumption of the second element, namely, that defendant was "in this State for an unlawful purpose." Unlawful sexual intercourse  as stated, the State on the appeal charges that that was his purpose *347 that night  is a crime. See, among other statutes, N.J.S. 2A:110-1 and 2A:88-1. And we are therefore not called upon to determine whether the statutory word "unlawful" may be said to refer also to disorderly conduct, as was suggested on the argument. See Hayes v. Stevenson, 3 L.T. Rep. N.S. 296, 9 W.R. 53 (1860); In re Smith, 54 Kan. 702, 39 P. 707 (Sup. Ct. 1895); City of Portland v. Goodwin, 187 Ore. 409, 210 P.2d 577 (Sup. Ct. 1949).
Where a presumption is raised as to a fact, and to meet it sufficient evidence is adduced so that (apart from the presumption) reasonable men might honestly differ as to whether or not that is the fact, the presumption is deprived of all its force and, indeed, ceases to exist. In re Weeks, 29 N.J. Super. 533 (App. Div. 1954); cf. State v. Kapelsohn, 9 N.J. Super. 177 (App. Div. 1950). We think the proofs here were such that (apart from the presumption) reasonable men might honestly differ as to whether or not the defendant's purpose in those early morning hours was to have unlawful sexual intercourse. That being so, the statutory presumption here disappeared as a factor in the case.
Since, as we say, the proofs are such as to have authorized the court to find that defendant either did or did not entertain an unlawful purpose that night, defendant's motion for acquittal was properly denied. State v. Carbone, 17 N.J. Super. 446 (App. Div. 1952), affirmed 10 N.J. 329 (1952). However, it does not follow that the conviction below should therefore be affirmed. Though no request was made for special findings of fact, R.R. 3:7-1(c), the court did make such findings and state its reasons; and, we might add, is much to be commended for doing so  such findings and reasons serve the cause of justice. However, as plainly indicated by them, the court entirely overlooked the second element of the offense, though the matter had been brought to its attention by defendant's counsel. The court's general finding at the end of its opinion is therefore plainly without a proper basis.
The court below having disregarded the point, the question arises whether this court itself should make a finding *348 as to whether or not defendant's purpose that night was unlawful. We may have power to make findings of fact in criminal and quasi-criminal cases tried without a jury. See Art. VI, Sec. V, par. 3 of the New Jersey Constitution; R.R. 1:5-4; cf. former Rule 1:2-20 which, though it had been deemed to apply to such cases (State v. Richardson, 4 N.J. Super. 503 (App. Div. 1949)), was by the revision of the rule (R.R. 1:5-3), effective September 9, 1953, apparently made applicable solely to civil cases. But such a power should be exercised only when the ends of justice require it. Hagerman v. Lewis Lumber Co., 13 N.J. 315 (1953).
The proof of defendant's unlawful purpose consists almost entirely of his statement to the police, namely, that the early morning "was the only time he had to get a woman." He spoke English poorly, though this may have been said in Italian, his own language. Moreover, we do not have before us the context, the questions and answers which preceded and followed this one, which might put quite a different aspect upon it. Indeed, we do not know whether he merely nodded his head to a leading question, which, being in English, he might not have understood. For us to say, on the basis of this statement, either that defendant did or did not have an unlawful purpose that early morning, seems to us not to satisfy the demands of justice.
Reversed, and new trial in the County Court ordered.