54 N.J. Super. 93 (1959)
148 A.2d 213
JOHN J. CANNON, PLAINTIFF-APPELLANT,
v.
IRVING L. KRAKOWITCH, GEORGE CLAYTON, JR., AND E.R. WILLIAMS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1958.
Re-Argued December 22, 1958.
Decided February 3, 1959.
*95 Before Judges GOLDMANN, CONFORD and HANEMAN.
Mr. Ralph S. Heuser argued the cause for appellant (Messrs. Heuser, Heuser & DeMaio, attorneys).
Mr. Samuel Carotenuto argued the cause for respondents (Messrs. Applegate, Reussille, Cornwell & Hartman, of counsel; Messrs. Wise, Wise & Wichmann, attorneys).
Mr. Theodore I. Botter, Deputy Attorney General, argued the cause amicus curiae (Mr. David D. Furman, Attorney General).
The opinion of the court was delivered by HANEMAN, J.A.D.
This is a civil action for damages arising from an alleged false imprisonment. Defendants *96 are members of the police department of the Borough of Red Bank; Clayton is a patrolman, Williams a uniformed sergeant, and Krakowitch a detective-sergeant. The trial court, at the close of plaintiff's case, granted a motion for dismissal of the action as to Williams. The jury returned a verdict of no cause for action in favor of Clayton and Krakowitch.
Plaintiff's appeal is from the final judgment of the Law Division entered upon that verdict. Two grounds are urged as error on this appeal; (1) the verdict of the jury was against the weight of the evidence and the result of mistake, partiality, passion or prejudice, and (2) the court erred in its charge to the jury. The validity of the judgment of dismissal as to defendant Williams, which was included in the notice of appeal, is not set forth in or necessarily suggested by the statement of questions involved, and was not briefed or argued on the appeal. That issue is not properly raised on this appeal and will not be considered. R.R. 1:7-1(c); Roberts Electric, Inc. v. Foundations & Excavations, Inc., 5 N.J. 426, 430 (1950); Wellmore Builders, Inc. v. Wannier, 49 N.J. Super. 456, 468 (App. Div. 1958), certification granted, 27 N.J. 320 (1958).
On Sunday, January 20, 1957, Williams and Clayton were patrolling their assigned district in a police vehicle. Their assignment included the public park in Red Bank, known as Marine Park. Some time during the late afternoon (between 5 and 6 P.M.) these officers drove to Marine Park and there observed plaintiff's automobile. In it were plaintiff and his fiancee. Plaintiff and the young woman were or had been locked in an embrace  their relative positions both as to each other and to the front seat of the vehicle being a disputed issue. Some exchange of words transpired between the officers and plaintiff, exactly what was said and the tone and manner of its delivery also being disputed. As a consequence of this verbal exchange the officers got out of their patrol car, approached plaintiff's automobile, and stationed themselves, one on each side of the front doors of the automobile. Officer Clayton requested *97 that plaintiff produce his driver's license and registration, with which request plaintiff complied. At some point during this procedure the officer observed on the floor of plaintiff's vehicle a portable electric heating appliance of the type used by the operators of outdoor motion picture theatres. Plaintiff did not deny Sergeant Williams' statement that "This is a heater and belongs in a drive-in movie." In answer to the question "Where did you get it?", he refused to disclose the origin of that appliance. Sergeant Williams then ordered plaintiff and the girl into the police patrol car and all repaired to the Red Bank police station. Plaintiff was detained there for a period of three to four hours. During this time he was questioned by Krakowitch concerning his possession of the heating appliance. Plaintiff at first refused to discuss the particulars surrounding his possession of the appliance. However, after further questioning he told Krakowitch that the heater came from the Eatontown Drive-in Theatre and disclosed that he had, inadvertently, neglected to remove the apparatus from his automobile on leaving the theatre one evening approximately three weeks prior. Thereupon Krakowitch ordered Clayton to detain plaintiff in a cell. Shortly thereafter, at the request of Krakowitch, the manager of the theatre appeared at police headquarters. He identified the appliance as one of those belonging to the corporation by which he was employed. Krakowitch then notified the Eatontown police and, upon the arrival of an officer from that department, released plaintiff to his custody. In connection with whether plaintiff was brought before a magistrate, Krakowitch testified:
"Q. Did you make a complaint against Mr. Cannon? A. No, sir.
Q. Did you call a magistrate for the purpose of having him brought before a magistrate? A. No, sir. It is not our case."
Nor were any charges preferred against plaintiff in Eatontown.
Plaintiff argues that the verdict was against the weight of the evidence. His position is that it is impossible, under *98 the facts, for the jury to conclude that plaintiff was not falsely imprisoned.
The gist of an action for false imprisonment is unlawful detention, without more. Earl v. Winne, 14 N.J. 119, 128 (1953); Lakutis v. Greenwood, 9 N.J. 101, 106 (1952). The essential element is constraint of the person without color of legal authority, Earl v. Winne, supra; without legal justification, Pine v. Okzewski, 112 N.J.L. 429, 431 (E. & A. 1934).
The basis of the defense is that defendants were justified in arresting and detaining plaintiff for the purpose of investigating whether he was a disorderly person because he had failed to give a good account of himself. The provisions of the Disorderly Persons Act, N.J.S. 2A:169-1 to 2A:171-12, which are here pertinent, are N.J.S. 2A:169-3:
"Whenever an offense is committed in his presence, any constable or police officer shall, and any other person may, apprehend without warrant or process any disorderly person, and take him before any magistrate of the county where apprehended."
and N.J.S. 2A:170-1:
"Any person who is apprehended and cannot give a good account of himself, or who is engaged in an illegal occupation and who is in this state for an unlawful purpose, is a disorderly person. In any prosecution under this section the fact that the person apprehended cannot give a good account of himself or is engaged in an illegal occupation is prima facie evidence that he is present in this state for an unlawful purpose."
To make out the offense under N.J.S. 2A:170-1 the State must establish two elements: (1) that a defendant has not given a good account of himself, and (2) that he is present in the State for an unlawful purpose. McNeilly v. State, 119 N.J.L. 237 (Sup. Ct. 1937). Proof of the first element raises a rebuttable presumption as to the second. State v. Catalano, 30 N.J. Super. 343 (App. Div. 1954).
*99 When plaintiff failed to deny that the heater "belongs in a drive-in movie" and refused to give any explanation of his possession, he failed to give a good account of himself. From these facts it would not have been unreasonable for the officers to infer that plaintiff was within this State for an unlawful purpose, e.g., the receipt of stolen property. N.J.S. 2A:139-1.
N.J.S. 2A:139-1 provides:
"Any person who receives or buys any goods or chattels, or choses in action, or other thing of value stolen from any other person or taken from him by robbery or otherwise unlawfully or fraudulently obtained, or converted contrary to law, whether the stealing or robbery was committed either in or out of this state, and whether the property was received or bought from the thief or robber, or from another person, or who receives, harbors or conceals any thief or robber knowing him to be so, is guilty of a high misdemeanor.
Possession of such property within 1 year from the date of such stealing, robbery or unlawful or fraudulent obtaining, shall be deemed sufficient evidence to authorize conviction, unless the accused show [certain factual defenses] * * *."
The police officers, at this point, would have been justified in charging plaintiff as a disorderly person. Further detention would have been justified only for the length of time reasonably required to take him before the nearest magistrate and procure a warrant, having due regard, inter alia, for judicial accessibility, convenience, practice and facilities. Venable v. Huddy, 77 N.J.L. 351 (Sup. Ct. 1909). See also Nelson v. Eastern Air Lines, Inc., 128 N.J.L. 46, 51 (E. & A. 1942).
In Jackson v. Miller, 84 N.J.L. 189, 191 (Sup. Ct. 1913), the court said:
"The fact that the defendant `had reason to believe' that the plaintiff was violating the law need not be questioned; and so we are relegated to the inquiry whether, conceding that fact, what the defendant did after his investigation was justifiable in law. Here the fact is not in dispute that he detained the plaintiff in his custody and subjected him to the humiliation of detention in the presence of the public for over one hour.
We are unable to perceive any justification for such procedure either in the statute or the rules of law which govern the defendant's *100 powers and duties as a peace officer or warden, vested with defined statutory police powers. His plain duty under the circumstances was to bring the plaintiff to the nearest magistrate, and obtain a legal warrant based upon the evidence in his possession. Winfield v. Ludwig, 81 N.J.L. 375 [52 Vroom 375]; Hebrew v. Pulis, 73 N.J.L. 621 [44 Vroom 621]; Leger v. Warren, 62 Ohio St. 500, 57 N.E. 506, 51 L.R.A. 193."
The facts disclosed that the defendants detained plaintiff for some three or four hours after the colloquy at Marine Park, a substantial part of that time transpiring after plaintiff had offered an explanation of his possession of the heater, and that plaintiff was never taken before a magistrate or charged with the commission of any offense. Such constraint of plaintiff was without color of legal authority or justification.
Defendants cite Pine v. Okzewski, supra, 112 N.J.L. 429 as justification for the constraint of plaintiff for the purpose of investigation. The facts in that case are not apposite to those sub judice.
In our preliminary consideration of this matter we tentatively were of the opinion that we should have additional briefs on the question of how long a suspected person might be detained by police authorities in order to investigate whether he actually committed a crime. To this end we requested the Attorney General to file a brief amicus curiae. He promptly complied with our request and has furnished us with an excellent brief on the subject. On further consideration of the entire matter, however, we have concluded that it is not necessary to pass upon that subject. We do not reach the matter under the particular facts of this case.
For those academically concerned with this subject, however, the following may be of interest: Warner, "The Uniform Arrest Act," 28 Va. L. Rev. 315; "Use of Vagrancy-Type Laws for Arrest and Detention of Suspicious Persons," 59 Yale L.J. 1351; Perkins, "The Law of Arrest," 25 Iowa L. Rev. 201; Lacey, "Vagrancy and other Crimes of Personal Condition," 66 Harv. L. Rev. 1203.
*101 Our discussion of the law and the facts would indicate the propriety of entering a partial judgment of liability against defendant and remanding the matter to the trial court for the assessment of damages by the jury. R.R. 1:9-1; 2:9-1; 1:5-4; 2:5; Winter v. Metropolitan Life Ins. Co., 130 N.J.L. 242 (Sup. Ct. 1943); Jaroszewski v. Central Railroad Co. of New Jersey, 9 N.J. 231 (1952); United States Fidelity & Guaranty Co. v. Davis, 12 N.J. 365 (1953).
This would undoubtedly expedite the matter. However, plaintiff has not asked for partial judgment but for the opportunity of a complete retrial on all issues. Nor did he move in the trial court for a directed verdict at the close of all the evidence, or demand partial judgment on his motion for a new trial. Further, defendants may possibly, on a retrial as to all issues, present additional evidence relating to the reasonableness of their action after arresting plaintiff in Marine Park.
Our conclusion makes unnecessary a decision on the remaining question raised on this appeal. Accordingly, the matter is remanded to the trial court for a new trial on all issues as between plaintiff and defendants Krakowitch and Clayton.