### FRANK P. VENABLE v. JOSEPH HUDDY.

Submitted December 5, 1908—Decided February 23, 1909.

1. A police officer who has made an arrest, without a warrant, of a person violating in his presence one of the provisions of the act regulating the use of motor vehicles (*Pamph. L.* 1906, *p.* 177), and who has, in pursuance of section 32 of that act, taken the prisoner to the office of a magistrate for the purpose of making a complaint, is justified in detaining his prisoner during such time as is reasonably required for the officer to advise the magistrate, temporarily absent from his office, that his presence is required to take a complaint.

2. In an action for false imprisonment the plea of the defendant set up that the plaintiff was arrested by the defendant, a police officer, without a warrant, for a violation, in the presence of the officer, of one of the provisions of the act regulating the use of motor vehicles (*Pamph. L.* 1906, *p.* 177), and was taken by the officer to the office of a magistrate for the purpose of making a complaint in pursuance of section 32 of that act; that the magistrate was absent and the officer left the prisoner with the desk sergeant; that within two hours, and before the appearance of the magistrate, at the request of the prisoner, the desk sergeant allowed the prisoner to leave the office upon depositing the sum of $20 for his appearance the next day before the magistrate. *Held,* that the plea set up facts which would justify a finding that the plaintiff waived any right which he might have had to hold the officer liable in damages for his failure to make prompt complaint before the magistrate.

On demurrer to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff, *Frederick W. Van Blarcom.*

For the defendant, *Riker & Riker.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff's declaration is for false imprisonment.

The defendant, besides the general issue, pleads that he was a police officer of the town of Bloomfield, and that as such he arrested the plaintiff, who was seen by the defendant driving an automobile through that town at a rate of speed in excess of that permitted by the statute; that after making the arrest he took the plaintiff to the office of the recorder of the town, there to be dealt with according to law for his offence, but that because the recorder was not then present he left the plaintiff in the custody of the desk sergeant, and that the desk sergeant, before the recorder appeared at the office, at the request of the plaintiff, allowed him to leave the recorder's office upon depositing the sum of $20 as security for his appearance the next day before the recorder, and that this is the false imprisonment of which complaint is made.

The demurrer to this latter plea is rested upon the alleged ground that it sets up no defence to the action even if the facts set forth therein are true, for the reason that the act regulating the use of motor vehicles (*Pamph. L.* 1906, *p.* 177) requires that the defendant in making the arrest should do more than by the plea he appears to have done.

Section 32 of that act (*Pamph. L.* 1906, *p.* 194) provides that any police officer is authorized to arrest without warrant any person violating, in the presence of such officer, any of the provisions of the act, "and to bring the defendant before any magistrate of the county where such offence is committed. The person so offending shall be detained in the office of the magistrate until the officer making such arrest shall make oath or affirmation, which he shall do forthwith, declaring that the person under arrest has violated one or more of the provisions of this act, and specifying the provision or provisions violated."

The real question is whether the police officer who lawfully made the arrest upon witnessing the violation of the law, became a trespasser *ab initio* by not making a complaint in writing before the recorder under the circumstances recited in the plea.

The declaration alleges that the plaintiff was imprisoned for two hours.

The plea sets up the lawful arrest, the taking of the prisoner to the office of the magistrate; that the magistrate was not then present; that the prisoner was left in the charge of the sergeant, and that, before the appearance of the magistrate, the prisoner made a voluntary arrangement with the sergeant for his release and departed.

At most the plea impliedly admits the prisoner was detained at the magistrate's office for two hours. The detention of the plaintiff was justified for the length of time only reasonably required to take him to the magistrate and procure the warrant, having due regard *inter alia* to judicial accessibility, convenience, practice and facilities. 19 *Cyc.* 354.

The reasonableness of the plaintiff's detention is a question for the court where there is no conflict in the evidence as to the length of time and the circumstances under which the plaintiff was held. Where the facts are in dispute it is for the jury, under proper instructions by the court, to determine as to the reasonableness of the detention. 12 *Am. & Eng. Encycl. L. (2d ed.)* 748.

The plea set up facts which would justify the inference of reasonable detention. If the magistrate was not in his office at the time the officer brought his prisoner there, the officer was certainly justified in detaining his prisoner until he had reasonable time to advise the magistrate that his presence was required to take the complaint.

It is true that the prisoner might have been taken before another magistrate, but it appears that he dispensed with that by voluntarily making an arrangement for his discharge and subsequent appearance.

We think the arrangement between the plaintiff and the desk sergeant, by the terms of which he was released from custody before the arrival of the magistrate, was a waiver of any right which he might have had to hold the officer liable in damages for his failure to make prompt complaint before the magistrate.

The object of the provision of the statute requiring prompt complaint to be made is the protection of those arrested without a warrant by insuring that they shall be promptly brought

before a court.   It has been repeatedly held that a party arrested may waive this provision, and that if he requests his discharge with the understanding that he is to release any damages to which he might otherwise be entitled by reason of the failure of the officer to make a complaint, he cannot afterwards hold the officer responsible.   *Caffrey* v. *Drugan*, 144 *Mass.* 294, and cases cited.

In the present case the arrangement made between the plaintiff and the desk sergeant, at the plaintiff's request, as set forth in the plea, tends to show an intention of the plaintiff to waive his right to have a complaint promptly made, and may fairly imply an understanding that he would not hold the defendant responsible for his release before complaint.

This was the view held by the Supreme Court of Massachusetts in the case of *Joyce* v. *Parkhurst*, 150 *Mass.* 243.

We think, therefore, that the plea in question sets up a defence to the action and is therefore good.

The defendant is entitled to judgment on the demurrer.