**FOURAKER v. KIDD SPRINGS BOATING AND FISHING CLUB.**

No. 11341.

Court of Civil Appeals of Texas. Dallas.

Nov. 18, 1933.

Clint & Eades, of Dallas, for appellant.

W. J. Rutledge, Jr., of Dallas, for appellee.

LOONEY, Justice.

W. M. Fouraker sued Kidd Springs Boating and Fishing Club for damages, alleging in substance that, while legally upon defendant's premises in its amusement park, he was personally assaulted and injured by defendant's employees (commissioned peace officers), was wrongfully, without warrant, arrested by them, and in violation of article 217, C. C. P., the arresting parties failed to immediately take plaintiff before the magistrate nearest the place of arrest, but caused him to be incarcerated in the county jail of Dallas county, thus injuring, shaming, and humiliating plaintiff, for which he sought both actual and exemplary damages.

After a general denial, defendant answered specially that, on the occasion in question plaintiff was drunk, drove his car through the entrance gate to the amusement park, refusing to pay the entrance fee, and cursed and abused the keeper of the gate when he protested; that certain peace officers (Hancock, Brown, and Winters) were on the premises, to maintain order, preserve the peace, and protect patrons of the park from the rowdyism and disorderly conduct of drunken men who might enter and be upon the premises; that, discovering the intoxicated condition of plaintiff, the officers undertook his arrest, whereupon plaintiff resisted, cursed and abused the officers, however, his arrest being accomplished, plaintiff was taken to and incarcerated in the county jail, and after about three hours was liberated by the officer at the jail having him in custody; that the failure of said officers to immediately take plaintiff, in an intoxicated condition, before the magistrate late at night, did not breach or violate any duty owing plaintiff; on the contrary, that the conduct of the officers, under the circumstances, was in harmony with the spirit and meaning of the statutes relating to the custody of persons arrested under such circumstances.

After explaining and defining the legal terms used in the charge, the court submitted the case on special issues, to which the jury answered, in substance: That plaintiff was drunk when arrested on the night in question; that he was guilty of disturbing the peace, and of using abusive language, as those offenses were defined by the court; that the arresting officers acted within the scope of their authority as employees of defendant; that they did not use a greater degree of force than reasonably necessary to accomplish plaintiff's arrest and detention; that plaintiff sustained certain personal injuries during the arrest, but that the injuries were not inflicted by either of the arresting officers; and further that plaintiff suffered no actual damages as the result of the arrest, detention, and incarceration.

These findings clearly justified the court in rendering judgment for defendant, and the same should stand, unless, as a matter of law, the court should have rendered judgment in plaintiff's favor for nominal damages. Plaintiff appealed from the adverse judgment, but the case is before us without a statement of facts.

The appeal is predicated upon the answer of the jury to special issue No. 6, to the effect that, after making the arrest on the night in question, the officers failed to immediately take plaintiff before the magistrate residing nearest the place of arrest; based upon this finding, the proposition is urged by plaintiff that the court erred in not rendering judgment in his favor for nominal damages, in that, the finding shows that the arresting officers violated the Code of Criminal Procedure, inflicted a legal wrong, justifying recovery of nominal damages.

It is generally held that a nominal damage is a substantial legal claim, if based upon the violation of a legal right; in such case, the law presumes a damage, although actual or compensatory damages are not proven; in truth, nominal damages are damages in name only and not in fact, and are allowed, not as an equivalent for a wrong inflicted, but simply in recognition of the existence of a technical injury. See 17 C. J. 720, and the following Texas authorities in point: 13 Tex. Jur. 69; Miller v. Moore (Tex. Civ. App.) 111 S. W. 750, 751; Ehlert v. Railway Co. (Tex. Civ. App.) 274 S. W. 172;

.798

White v. Beaumont Implement Co. (Tex. Civ. App.) 21 S.W.(2d) 559, 560; Kelly v. Cochran County (Tex. Civ. App.) 50 S.W.(2d) 848, 851; Anderson v. Alcus (Tex. Civ. App.) 42 S.W.(2d) 294, 296.

So, if, under existing circumstances, the arresting officers should have immediately taken plaintiff before the magistrate nearest the place of arrest, their failure so to do, violated the penal code and inflicted such a wrong upon plaintiff as entitled him to, at least, nominal damages.

Article 217, C. C. P., under review, reads: "In each case enumerated in this chapter, the person making the arrest shall immediately take the person arrested before the magistrate who may have ordered the arrest, or before the nearest magistrate where the arrest was made without an order."

Plaintiff was arrested at night and in an intoxicated condition. We judicially know that, in the regular course of official business, magistrates, before whom the statute requires a defendant, arrested without warrant, to be immediately taken, do not keep open office at night; hence, under the circumstances, it was impracticable for the officers to attempt literal compliance with the statutes, and, in our opinion, it is unreasonable to say such was their duty. Under the forbidding circumstances, pending return of the regular time for official business, we think the officers acted with legal propriety.

The general doctrine, as to what constitutes reasonable delay or reasonable excuse for failure to immediately take an arrested person before a magistrate, is stated in 25 C. J. 493 as follows: "What is a reasonable time depends upon the facts of each case. Prolonged detention must, however, be considered with regard, among other things, to such matters as judicial accessibility, and facilities, the unavoidable duties of the officer making the arrest, the intervention of Sunday, or a holiday, the intoxication, or mental condition of the person detained."

The Supreme Court of Indiana, in Scircle v. Neeves, 47 Ind. 289, held that the duty of an arresting officer to take the offender forthwith before the justice of the peace did not require the taking of a prisoner before the magistrate at so late an hour as 11 o'clock at night, and especially as the prisoner was so intoxicated as not to be conscious of what was passing. This case is directly in point, and its reasoning, in our opinion, is sound. Also see Pratt v. Brown, 80 Tex. 608, 16 S. W. 443, 446; Haverbekken v. Hollingsworth (Tex. Civ. App.) 250 S. W. 261, 265.

We are of opinion, therefore, that the court did not err in rendering judgment for defendant, and the same is, in all things, affirmed.

Affirmed.