# APRIL 17, 1946

BARNEY B. BEELAND AND L. G. OFFUTT v. THE STATE.

No. 23295. Delivered March 13, 1946.
Rehearing Denied April 17, 1946.

The opinion states the case.

*E. T. Miller* and *Clem Calhoun,* both of Amarillo, for appellants.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery. The punishment assessed is confinement in the state penitentiary for a period of thirteen years.

Appellants bring forward five complaints, each by a separate bill of exception, in which they complain, first of the testimony of Burns, the injured party, who testified that within approximately two minutes of the time that he was robbed by the appellants, a police car appeared which was occupied by C. G. Conner and A. W. Hammock; that he informed them he had been robbed by two parties and gave them a description of the robbers, as well as a description of the car in which they had fled from the scene of the crime. The objection urged against this testimony is that it was a statement out of the presence and hearing of the defendants. We think that this was a part of the res gestae and was admissible as such. The witness Burns identified a certain billfold, three $20.00 bills, one $10.00 bill, one $5.00 bill, a classification card, a birth certificate, a driver's license, a pocket knife, and a hat check as being the property that had been taken from him by the defendants; to which appellants objected on the ground that the officers who arrested them and searched them and took the loot from them did not have a warrant of arrest or a search warrant; that by reason thereof the arrest was illegal and the property found as a result of the search was inadmissible in evidence, the same having been illegally obtained. The bills are qualified by the court who states in his qualification that the evidence showed that the officers came upon the scene of the alleged offense within less than five minutes after it had occurred; that Burns, the injured party, gave the officers a description of the men as well as of the automobile in which the robbers had fled; that they were pursued, and in less than fifteen minutes after the commission of the offense, they were under arrest. We think this evidence was admissible because, under the peculiar facts of this case, the arrest was authorized under Article 215, C. C. P., which provides as follows:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

See Vaughn v. State, 134 Tex. Cr. R. 97; Rickman v. State, 138 Tex. Cr. R. 191; Bevins v. State, 110 Tex. Cr. R. 52; Lee v. State, 185 S. W. (2d) 978.

It is obvious from the qualifications of the bills that the officers did not have time to obtain a warrant of arrest since the defendants were fleeing with the loot; and it was only due to the speedy action of the officers that the appellants were arrested and searched. The Legislature, no doubt, in enacting Art. 215, supra, realized that an emergency might arise in which it would become necessary for an officer to arrest the offender without a warrant who was fleeing or attempting to escape. It is our opinion that the facts of this case bring it within the purview of the article hereinabove quoted. The right to arrest carries with it the right of a contemporaneous search of the person and, under some circumstances, of the place where the arrest occurs. See Lee v. State, supra; Bevins v. State, supra; Hodge v. State, 107 Tex. Cr. R. 579, 298 S. W. 573.

Appellants' next complaint relates to the testimony given by the officers who arrested and searched them without a search warrant and to what they discovered as a result of the search. Since the arrest of appellants without a warrant, under the facts of this case was authorized, under the law, it carried with it the right to search; and evidence of the result of the search was admissible.

Appellants next objected to the testimony given by Conner relative to a conversation by means of the radio with the Police Department of the City of Amarillo in which he reported the robbery to the Department and gave them a description of the robbers, the automobile, the license number of the car, as well as a description of the loot with which the appellants were fleeing. Appellants also objected to the testimony of Brooks relative to the report which he received from the Police Department by means of the radio to the effect that a robbery had been committed; that the parties were fleeing or seeking to escape that he received a description of the car, the license number thereof, etc. Appellants' contention is that this was hearsay and should not have been introduced before the jury, but should have been heard by the court in their absence for the purpose of determining whether or not the arrest of the appellants without a warrant was authorized by the circumstances stated. However, the court instructed the jury as follows:

"The testimony of Robert Lee Burns and C. G. Conner, as to purported statements they testified were made by Burns to Conner, and the testimony of Conner and Oscar Brooks as to radio messages, was admitted only for the purpose of determination by the court whether Conner and Brooks were lawfully author-

ized to arrest and search the defendants, under the circumstances.

"You are therefore instructed that you must not consider nor discuss the said testimony, or any part of it, for any purpose against the defendants, or either of them."

The effect of the instruction was not only to withdraw the testimony from the jury but was also a determination by the court of the legality of the arrest of appellants. This action on the part of the court was tantamount to what the court should have done in the first instance, and therefore comes within the rule announced by this court in the case of Bingham v. State, 97 Tex. Cr. R. 594.

No error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellants again complain in their motion herein because of the admission of the fruits of the search of their persons by the peace officers, in which there was exhibited before the jury property identified by Mr. Burns as having been taken from his person at the time of the alleged robbery. Appellants contend that the arrest of themselves being illegal, that such property was not admissible in evidence under Art. 727-a, C. C. P., such contention being mainly based upon the fact that the two peace officers who apprehended them had received their information from the police radio of the city of Amarillo, and therefore did not come within the provisions of Art. 215, C. C. P. In other words, appellants would restrict such officers to a representation made to them in person by one who had knowledge of the commission of such felonious offense, thus forcing us to disdiscard all modern means of communication and rely only on a communication from person to person. To adopt such rule would perforce eliminate radio as well as telephonic communication, and in these modern times of rapid locomotion deprive society of keeping step with the advancing methods of crime detection.

It is contended because of the fact that the arresting officers received their information relative to what they deemed to be the commission of a felony from the police radio, that the terms of Art. 215, C. C. P. had not been met, because the radio was not a credible person. This statute reads:

"Where it is shown by satisfactory proof to a peace officer, upon representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

A credible person as here contemplated, we think, means one "worthy of belief." Webster's International Dictionary.

We have heretofore held in the case of Vaughn v. State, supra, in effect, that where a policeman was possessed of information obtained over a police radio that Vaughn, the accused, had committed a felony and was about to escape, such policeman was possessed of such knowledge "upon representation of a credible person," and we herein adhere to such proposition.

This alleged offense is shown to have taken place at about 12:20 in the early morning; within a short time the person robbed, Mr. Burns, contacted two policemen and told his story to them, giving the number of the car in which the persons robbing him has fled, and telling the direction they were going when they left the scene; this information was radioed to the police radio and immediately broadcast therefrom; in from eight to fifteen minutes two deputy sheriffs had arrested appellants and were searching them when Mr. Burns and the two policemen drove up, one policeman assisting in the search, finding on them property claimed by Burns as his. It is now also contended that because of the provisions of Art. 217, C. C. P., requiring that such offender should be taken before a magistrate, and because of a failure to immediately do so the legality of such arrest and search was destroyed thereby. We have searched the record for any proof relative to taking appellants before a magistrate and have been unable to find anything relative thereto. However, we think this court would be justified in taking judicial notice that the offices of magistrates are not kept open during the hours of the night, and at 12:30 in the morning the magistrate was doubtless asleep and not open for business. See Fouraker v. Kidd Springs Boating and Fishing Club, 65 S. W. (2d) 796.

Again, we are impressed with the correctness of the opoinion held by the trial court that the arrest of appellants was justified under the provisions of Art. 325, C. C. P. in order to prevent the consequences of theft. Under the proof the persons arrested were in possession of property stolen from Mr. Burns, and were fleeing therewith.

Appellants also complain because the trial court allowed the testimony of the arresting officers as to the information upon which they made the arrest to be produced before the jury, contending that such should have been made before the trial court in the absence of the jury, and the legality of such arrest was a matter of law for the court alone to determine. In deference perhaps to such claim it is noticed that the court in his charge finally withdrew such testimony from the jury. However the same testimony had previously been heard from Mr. Burns and the two policemen who had picked Burns up, and in the original opinion we held same to have been res gestae, in which holding we think we were correct. Surely the trial court could not have known prior to the conclusion of the trial what proof appellants were going to offer, and whether or not same would affect the facts relative to such arrests, or create a question of fact to be decided by the jury, but when it transpired that appellants did not testify, and offered no contradictory proof relative to that of the State, the careful trial court decided the question himself and withdrew such testimony from the consideration of the jury, which action we think was proper. We think the case of Bingham v. State, supra, especially in the opinion on motion for a rehearing, is authority for the trial judge's action herein.

We see no reason to doubt the correctness of our views expressed in the original opinion herein. Therefore the motion for a rehearing will be overruled.