## KELLEY v. YEARWOOD.

In Banc. Oct. 25, 1948.

(37 So. (2d) 174)

Dent & Dent and **W. J. Hatten,** for appellant.

184

187

Ben Stevens, R. L. Calhoun and Heidelberg & Roberts, for appellees.

**Alexander, J.**

This cause was brought by Mrs. Kelley against Year-wood, a member of the State Highway Patrol, and the surety upon his official bond. It sounds in tort upon a charge of false imprisonment. From a judgment entered upon a verdict for the defendant, this appeal is taken.

Appellee was summoned to the scene of an automobile accident near Sumrall in Perry County. The record sustains a finding, based upon the testimony of several witnesses, that appellant was then under the influence of intoxicants. She was thereupon arrested by the patrolman upon a charge of being drunk in a public place in the presence of two or more persons. Code 1942, Sec. 2291. The testimony sufficiently establishes the necessary facts. ▉▉ The highway was a public place within the meaning of the Statute. Thompson v. State, 153 Miss. 593, 121 So. 275.

The right of the patrolman to make the arrest upon such charge, whether as such officer or as a private person, is not seriously questioned. The gravamen of the action is that the officer, instead of taking appellant "before the proper officer without unnecessary delay for examination of [her] case" as required by Code 1942, Sec. 2473, carried her to the Forrest County jail at Hattiesburg, a distance of about twenty miles. It is indicated that the Hattiesburg jail was upon the assigned route of the patrol officer.

▉▉ The collision and subsequent arrest occurred upon Sunday afternoon. The record discloses that the patrolman followed the course mentioned because appellant was in no condition to be given a hearing; that it was upon Sunday; and that the jail at Hattiesburg was the most convenient and suitable for the detention of a woman. She was released the following forenoon.

Wherefore, the right of action, if any, rests not upon the initial arrest, but upon the fact of her incarceration in the Forrest County jail Sunday night. There is no sufficient showing that she was able to furnish bail prior to Monday morning. The officer was not authorized to have her enlarged under bond nor to approve same. The several assignments of error converge upon the point whether her temporary confinement in the Forrest County jail was an unreasonable and hence unlawful imprisonment and whether there was thereby caused an unnecessary delay in bringing the offender before the proper officer.

It is contended that the proper officer was the justice of the peace at Sumrall in Perry County; that appellant was ''booked'' not upon the charge upon which she was arrested; and that she was not tried until the following Saturday. Since the damages claimed are upon the charge of false or unlawful imprisonment, we find no circumstance in point which occurred after the imprisonment was ended. Such action must therefore seek foundation in some unreasonable and unlawful conduct bracketed between the time of her arrest and of her release.

In Sheffield v. Reece, 201 Miss. 133, 28 So. (2d) 745, we gave controlling prominence to the fact that the detention of one who was in a drunken condition could not become unreasonable until the prisoner had been restored to a degree of sobriety which would guarantee against rearrest. In that case, the arrest was made by the sheriff who, although authorized to approve and accept bail, refused so to do in the face of such demand. The opinion did not undertake to fix a gauge by which unreasonableness could be tested, and the cause was reversed and remanded for trial under proper instructions upon the sole ''issue as to whether or not the sheriff should have accepted and approved the bail bond tendered him.'' If, therefore, the instructions in the instant case, as a whole, submitted the issue of unreasonable and unlawful detention, the finding of the jury must be upheld.

Before examining these instructions, we shall uphold the action of the trial court in refusing peremptory instructions for the plaintiff. In several of such instructions, as well as those given on behalf of the plaintiff, the incident that she was taken for immediate custody to the Forrest County jail was made controlling. We find in this circumstance only a factor available to the jury in appraising the conduct of the patrolman as reasonable. We would not assent to a fixed rule which denies to the arresting officer all play of judgment and discretion as to the place where his prisoner may be taken for care and custody. Appellant had the right to a speedy trial in the county where the offense occurred. But she had no right to demand a detention in any particular place, pending her return to sobriety and the perfection of the charge, except to the extent that any lodgment elsewhere than in the jail of the county where the arrest was made would work unreasonably to deny her the right and ability to obtain bail or deny her a speedy trial.

The testimony warrants a finding that her placement in the Forrest County jail was greatly to her advantage in comfort, convenience and safety, as compared to reasonably available alternatives. We find no relevancy in the fact that although she was arrested under Section 2291, she was later docketed and tried upon a charge of driving while intoxicated. If the arrest was lawful, and the detention reasonable and not unlawful, the appellee could not be held to answer for events which followed her release.

We are of the opinion that the instructions taken as a whole submitted the issue of unreasonable and unnecessary detention. It is true that there are some apparent contradictions, but such inconsistences are based upon parts of the instructions for the plaintiff which we think were unwarranted. For example, one instruction is in the following language: "The court charges the jury for the plaintiff that the defendant, Yearwood, had a right to arrest the plaintiff on a charge of drunkenness

on a public highway, but it became and was his duty under the law, after the arrest to carry her before some proper officer, without unnecessary delay, for an exication, and upon his failure so to do and instead of carrying her before the proper officer as the law directs he carried her to the county jail in Hattiesburg, Forrest County, the defendants would be liable and the jury should so find." The concession that the arrest was lawful narrows the issue to the place or character of the subsequent detention. The jury were not advised who is the "proper officer" nor what "the law directs." It is tantamount to a peremptory instruction since it is undisputed that appellee carried her to the county jail at Hattiesburg. Other instructions submit the issue of a failure to prosecute for the charge upon which she was arrested. We find no inconsistency between defendants' instructions and those parts of plaintiff's instructions which were proper.

The defendants' instructions correctly submitted to the jury the issue of unnecessary and unreasonable detention, and the failure, if any, to have the appellant carried without unreasonable delay before a proper officer. The verdict of the jury, therefore, must be allowed to stand.

Our conclusions do not necessarily invoke the provisions of Code 1942, Section 2477, which provides that ". . . in all cases an officer or other person having the lawful custody of a prisoner, passing through any county on his route, may lodge the prisoner in any jail for safekeeping, as circumstances require."

Affirmed.