**ROBINSON v. LOVELL et al.**

No. 12240.

Court of Civil Appeals of Texas. Galveston.

March 8, 1951.

Rehearing Denied April 5, 1951.

Humphreys & Julian, Joe Bailey Humphreys, of Crockett, for appellant.

J. B. Sallas, of Crockett, for appellee Loyd Lovell.

Collins, Dies, Garrison & Renfrow, Lufkin (Pitser H. Garrison, Lufkin, of counsel), for appellee New York Casualty Co.

CODY, Justice.

This was a suit by appellant against appellee, the Sheriff of Houston County, and the bonding company on his surety bond, to recover actual and exemplary damages for an alleged false imprisonment, and assault and battery, allegedly perpetrated on January 1, 1950.

The appellant urges, and we believe correctly so, that he did not seek to recover any damages for injuries to his reputation or for any shame, humiliation, disgrace or other form of mental pain or suffering by reason of the alleged wrongs, but sought recovery only for such mental suffering connected with or flowing from injuries to the physical structure of his body. The surety company sued over against the Sheriff to recover the amount of any judgment, which appellant should recover against it. So far as here pertinent, the Sheriff's answer consisted of a general denial, and a special answer denying any assault, and denying that he inflicted any injury upon appellant, and further alleged that he arrested appellant in the performance of his official duties as Sheriff in accordance with a warrant of arrest legally issued by a proper officer, and that in so acting he treated appellant courteously and considerately, and in all respects complied with the law.

The evidence showed, among other things, that appellant was arrested at his home in Crockett on Sunday, January 1, 1950, on a charge of drunkenness; further, that the Sheriff called the Justice of Peace out of church, and to the Justice's office, and that the Justice issued the warrant

of arrest, and returned to church. The warrant reads in part:

"To any Sheriff or Constable of the State of Texas, Greeting:

"You are hereby commanded to arrest Clayton Robinson if to be found in your County and bring him before me, a Justice of the Peace in and for Precinct No. 1 of Houston County, Texas, at my office in Crockett in said County 'instanter' then and there to answer the State of Texas for an offense against the laws of said State, to-wit: 'being drunk' of which offense he is accused by the written complaint, under oath of Loyd Lovell * * *."

The Sheriff's Return, in part, reads: "Came to hand on the 1st day of January, A.D. 1950, at 7 o'clock P.M., and executed on the 1st day of January, A.D. 1950, at 8 o'clock P.M., by arresting the within named Clayton Robinson at his home in Crockett, Houston County, Texas and placing him in jail. * * *"

It was the evidence of appellant, among other things, that he was asleep at home when the Sheriff and his deputy awakened him, and that he was struck repeatedly and handcuffed, and was taken to the courthouse, and between the curb of the sidewalk and the Courthouse was repeatedly struck so as to render him unconscious. It was the evidence of the appellees, among other things, that appellant came by his physical injuries by falling down the stairs after reaching the Courthouse.

The case was submitted to the jury upon seven special issues. The court's charge, among other things, defined the term "drunk" as used therein; and instructed the jury as to the right of an officer in the execution of a warrant of arrest, and contained the following instructions:

"You are further instructed that an officer who makes an arrest of a person named in a warrant at the time when the magistrate who issued the warrant is not in his office at the regular time for the transaction of official business; that is, during regular office hours, and other magistrates are not in their offices for the transaction of official business at such time, then the officer making the arrest is not required to seek out a magistrate pending return of the regular time for regular office hours for transaction of official business; that is, the regular office hours of such magistrates, for the transaction of official business;

"You are further instructed that an officer making an arrest under a warrant of arrest of a person who is drunk, as that term has been herein defined, is not required to take such person arrested before any magistrate during the time he is drunk; that is, during the time such person does not have the normal control of his bodily and mental faculties."

The first three special issues, as answered by the jury were to the effect: (1) That appellant, upon the night of January 1, 1950, at the time of his arrest in his home was drunk, (2) that appellee and his deputy, or any other person did not use a greater degree of force than was reasonably necessary to secure the arrest and detention of the appellant; (3) that, at the time of his arrest and detention, on the occasion in question, appellant did not sustain injuries to his person.

Special issues Nos. 4, 5, 5-A, 6, and 7, were "damages" issues, and were submitted conditionally. And, since the jury found that appellant had suffered no injuries, the "damages" issues were not answered by the jury.

The court refused the appellant's motion for a judgment notwithstanding, etc., and rendered judgment that appellant take nothing.

The appellant has predicated his appeal upon 23 points, which in his reply-brief he has summarized as follows:

That the appellant has been deprived of the unprejudiced and unbiased services of a jury by:

(1) Statements wrongfully made in the presence of the jury which were calculated to injure the rights of appellant.

(2) Comments were wrongfully made by the court from the bench before the jury which injured the rights of appellant.

(3) The admission of evidence of transactions not even remotely connected with this case.

(4) Misconduct of one juror.

(5) Failure of the trial court to invoke the law applicable to this case, of assault and battery and false imprisonment.

Appellant urges by his first point that the court committed reversible error by refusing his motion for mistrial made after appellees' counsel was permitted to advise the jury panel, upon voir dire examination, that any judgment in the case would come out of the Sheriff's pocket. We are constrained to sustain the point.

Appellant's bill of exceptions shows that when the offending statement was made, and promptly objected to, the court stopped the proceedings, called the court reporter and counsel to the bench, and then these proceedings took place out of the hearing of the panel:

"Court: Let the record show that Mr. Sallas (appellees' counsel) stated that any judgment in the case would be against Loyd Lovell and not against the bonding company. Mr. Humphreys made an objection. I called the attorneys to the bench, and told Mr. Sallas that he could make any explanation he wanted to, but that Mr. Humphreys wanted no explanation made."

The bill goes on to show that Mr. Sallas then told the court and Mr. Humphreys what his explanation would be and that Mr. Humphreys protested and, among other things, stated: "We object because the same informs the jury panel and ultimately the jury to be selected in this case the effect of its verdict * * *."

"The Court: If you desire, I will instruct the jury not to consider the statement of Mr. Sallas for any purpose * * *

"Mr. Humphreys: I will request it."

The bill then shows that the proceedings shifted back to the panel:

"Court: Gentlemen of the Jury, you will not consider for any purpose * * * the statement of Mr. Sallas that any judgment returned in this case would be against Mr. Loyd Lovell and not against the bonding company. You should wholly disregard that now and clear on through the trial * * *.

"Mr. Sallas: I was attempting to say that in the event you found Mr. Loyd Lovell liable, you would also find the New York Casualty Company liable. The insurance company, in that event, would take a judgment over against Mr. Lovell for the entire damages that you find, and if you should so find, that was what I was attempting to say.

"Court: To which you may have your exceptions.

"Mr. Humphreys: I move that the court declare a mistrial * * *."

As indicated, appellant's motion was overruled.

The court's instruction to the panel not to consider the offending statement for any purpose throughout the trial was promptly nullified by the court in permitting Mr. Sallas to repeat the substance of the offending statement in a different form as being an "explanation," which the court authorized the jury to take into consideration, and further emphasized the propriety of so taking it into consideration by anticipating Mr. Humphreys' objection thereto and overruling his exceptions, which Mr. Humphreys had expressed out of hearing of the panel.

Generally speaking, it may be said that the right of counsel to make statements to the panel notifying them of the issues to be tried and questioning them for the purpose of exercising their right to challenge is very broad, limited, we believe, only by the court's judicial discretion. Ft. Worth & D. C. Ry. Co. v. Kiel, Tex.Civ. App., 195 S.W.2d 405, N.R.E. Here appellees went further than informing the panel of the issues made by the pleadings of the parties, which those selected would be called upon to try. Appellees did not merely inform the panel that the insurance company, by its pleadings, sought indemnity from the Sheriff, if appellant recovered judgment upon the surety bond. Indeed, the offending statement did not inform the jury that such was an issue to be tried,— to the contrary, the offending statement advised the panel of the legal effect of the jury's findings if the jury should find dam-

ages in the case. The question of damages is a question of fact with which the jury is concerned, but the question of the legal effect of a finding of damages is a question of law with which the jury has no concern. In the trial of a case upon special issues it is an abuse of the court's discretion to permit counsel to make a statement to the jury of the legal consequences of any of the jury's findings. Whether or not harm probably resulted to the party complaining is a question of law to be passed upon by the trial court in the first instance and to be reviewed upon appeal. See Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Watson v. Texas Indemnity Ins. Co., 147 Tex. 40, 210 S.W.2d 989.

Here the undisputed evidence showed that shortly after appellant was released from jail on the morning of January 2, he entered a hospital in Crockett. The undisputed medical testimony established that, upon an examination of appellant, head injuries were found which were the result of trauma. The testimony of appellant was that the injuries to his head were inflicted by the Sheriff, or the Sheriff's deputy, on the occasion of his arrest and detention. Appellees' evidence in no way suggested the possibility that appellant did not in fact sustain head injuries upon the occasion of his arrest and detention but undertook to account therefor by evidence that appellant upon said occasion accidentally fell down stairs in the Court House. The jury, however, in answer to Special Issue No. 3, found that appellant received no injuries upon the occasion of his arrest and detention. And the submission of the damages issues was so tied to the submission of Special Issue No. 3 that the jury's answer to Special Issue No. 3 made short work of the damages issues. We are forced to find that the jury were influenced by the offending statement and, accordingly, that harm probably resulted. We must, therefore, reverse the judgment and remand the case for a new trial.

In view of a new trial, we deem it our duty to rule on such points which have been assigned as error on this appeal with respect to matters which will probably arise upon another trial.

■ The court properly refused to submit the general charges requested by appellant. It was also proper to submit an inquiry whether appellant was drunk when he was arrested. It was the position of appellees that the Sheriff was sufficiently excused from literally obeying the warrant of arrest because the evidence raised the issue of whether the arrest was made on Sunday, during a time when offices of magistrates are not open, and if he was further excused from literal obedience because appellant was drunk, and the law does not contemplate that a prisoner will be haled before a magistrate in an intoxicated condition. Beeland v. State, 149 Tex.Cr.App. 272, 193 S.W.2d 687; Fouraker v. Kidd Springs Boating and Fishing Club, Tex. Civ.App., 65 S.W.2d 796; Pratt v. Brown, 80 Tex. 608, 16 S.W. 443.

The holding of the Court of Civil Appeals in the Fouraker case was approved by the Court of Criminal Appeals in the Beeland case. The substance of the holding was that if the arresting officer did not immediately take the prisoner before a magistrate, as required by Article 217, C.C.P., the officer was guilty of false arrest. But the court held that the provisions thereof which required that the prisoner be immediately produced before a magistrate is subject to construction. Said article reads: "In each case enumerated in this chapter, the person making the arrest shall immediately take the person arrested before the magistrate who may have ordered the arrest, or before the nearest magistrate where the arrest is made without an order."

■ The aforesaid cases, cited upon the construction of Article 217, all dealt with instances where the offense was committed in the presence of the arresting officer, and the duty of the officer to make the arrest at the time it was made was unquestioned, and the holding was to the effect that any delay in obeying Article 217, until an office of a magistrate was open, or until the prisoner became sober posed the question whether the delay was reasonable. But the circumstances in this case were different. The offense with which appellant was charged did not occur in the presence of

the arresting officers. Appellant was within the sanctuary of his home, and in order to enter appellant's house and arrest him, the officer had to be shielded by a warrant of arrest. The magistrate's office was not regularly open for the transaction of business, and the magistrate was then in attendance upon divine services, when he was called to issue the warrant, which ordered that appellant be produced before the magistrate instanter. The offense charged was a misdemeanor, and there was no practical likelihood that to avoid facing such charge, appellant would become a fugitive from justice. The right of a citizen to give bail is a valuable security for liberty. The evidence showed that appellant was in his home when he was arrested and carried to jail. The Sheriff, we must assume, knew that he could not obey the warrant of arrest by bringing appellant before the magistrate at once, and afford him a chance to make bail. He was therefore confronted with a situation in which he could not obey the warrant and the law literally. Either he must defer the arrest, or he must deprive appellant of his right to be immediately carried before the magistrate. We have concluded that, under the circumstances, the Sheriff was required to act as a reasonably prudent officer under the same or similar circumstances, and that if he did not he was answerable for false imprisonment.

■ Appellees introduced evidence of various arrests to which appellant had been subjected in Houston County since 1940, and offered evidence, which was rejected, of arrests of appellant in neighboring counties. There were no pleadings in the case by which such evidence was admissible. Character may not be shown by specific instances of misconduct. Besides, evidence of character is not admissible in civil cases unless it relates to an element of damage involved in the nature of the cause of action. Ryburn v. Moore, 72 Tex. 87, 10 S.W. 393, 394; Texas Midland R. R. Co. v. Dean, 98 Tex. 517, 85 S.W. 1135, 1138, 70 L.R.A. 943. The jury can be prevented from allowing damages which are not involved in the case by instructions as to what elements can be taken into consideration. The possibility that appellant may have conceived an animus against peace officers because he may have been legally arrested on previous occasions is remote, and is not to be proved by enumerating instances of previous arrests. Such evidence is not admissible because under the law a cause must be tried on its merits, and not on the merits of the parties. A very bad man may have a very good case, and vice versa. It is no doubt possible that upon the retrial, the case may take a turn where the evidence referred to may become admissible by way of impeachment, or upon some other ground.

■ If appellees' evidence is to the effect that appellant was drunk, and appellant's evidence is to the contrary, appellees may, by way of corroboration, offer evidence that appellant was frequently in a state of intoxication. Lewis v. Houston Electric Co., 39 Tex.Civ.App. 625, 112 S. W. 593; 17 Tex.Jur. 412; McCormick & Ray, Texas Law of Evidence, 882.

■ Both appellees have the right to exercise six peremptory challenges on the jury panel. The insurance company was made a party defendant by appellant, and has the right to prosecute a cross-action for indemnity, and on the cross-action its position was hostile to that of its codefendant.

■ Evidence that the Justice of Peace had instructed the Sheriff not to bring persons before him in an intoxicated condition was not admissible. The law charged the Sheriff with such knowledge, unless the circumstances were extraordinary. But evidence that the Sheriff acted under the advice of counsel is admissible.

The other matters involved in the present appeal we deem unnecessary to pass on in view of the reversal.

The judgment is reversed, and the cause remanded.