### EARL GILBERT V. STATE

No. 27,873. December 14, 1955

*M. L. Cobb* and *Cullen B. Vance*, Edna, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving a motor vehicle upon a public highway while intoxicated; the jury having assessed the minimum punishment.

Appellant, testifying in his own behalf, admitted having taken two small drinks a short time before his arrest, but denied that he was intoxicated.

The highway patrolman who made the arrest and the officer who admitted appellant to the jail testified that he was intoxicated.

The jury resolved the issue against appellant's contention and the evidence is sufficient to sustain the conviction.

Appellant urges two claims of error.

A motion was filed seeking to have this case continued until all cases previously filed in the county court had been set for trial. The motion was overruled.

The motion for continuance was sworn to by appellant before one of his counsel, and is therefore insufficient. Art. 545 C.C.P.; Reeves v. State, 145 Texas Cr. R. 208, 167 S.W. 2d 176, and cases there cited; Ferguson v. State, 159 Texas Cr. R. 169, 261 S.W. 2d 721.

In any event, there is no merit in the exception to the overruling of this motion. Sowers v. State, 157 Texas Cr. R. 345, 248 S.W. 2d 949; Stone v. State, 146 Texas Cr. R. 70, 171 S.W. 2d 364.

It is next contended that appellant was denied due process of law and is entitled to a reversal of his conviction because the arresting officer failed to take him before a magistrate, as required by Art. 217 C.C.P. and Art. 6701d, Sec. 147, (3) V.C.S.

The record shows that appellant was arrested and taken to jail at about 8 o'clock P.M. The following morning he called his wife who came down and arranged for his bond about 11 o'clock.

We have held that the failure of the arresting officer to take the accused before a magistrate does not render the testimony of the officer inadmissible. Stasney v. State, 151 Texas Cr. R. 563, 208 S.W. 2d 894; Henson v. State, 159 Texas Cr. R. 647, 266 S.W. 2d 864.

The requirement that the arrested person be taken immediately before a magistrate was before this court in Beeland v. State, 149 Texas Cr. R. 272, 193 S.W. 2d 687. We there cited with approval the case of Fouraker v. Kidd Springs Boating and Fishing Club, 65 S.W. 2d 796, wherein the Dallas Court of Civil Appeals, speaking through Justice Looney, said:

"Plaintiff was arrested at night and in an intoxicated condition. We judicially know that, in the regular course of official business, magistrates, before whom the statute requires a defendant, arrested without warrant, to be immediately taken, do not keep open office at night; hence, under the circumstances, it was impracticable for the officers to attempt literal compliance with the statutes, and, in our opinion, it is unreasonable to say such was their duty. Under the forbidding circumstances, pending return of the regular time for official business, we think the officers acted with legal propriety.

"The general doctrine, as to what constitutes reasonable delay or reasonable excuse for failure to immediately take an arrested person before a magistrate, is stated in 25 C.J. 493 as follows: 'What is a reasonable time depends upon the facts of each case. Prolonged detention must, however, be considered with regard, among other things, to such matters as judicial accessibility, and facilities, the unavoidable duties of the officer making the arrest, the intervention of Sunday, or a holiday, the intoxication, or mental condition of the person detained.'

"The Supreme Court of Indiana, in Scircle v. Neeves, 47 Ind. 289, held that the duty of an arresting officer to take the offender forthwith before the justice of the peace did not require the taking of a prisoner before the magistrate at so late an hour as 11 o'clock at night, and especially as the prisoner was so intoxicated as not to be conscious of what was passing. This case is directly in point, and its reasoning, in our opinion, is sound. Also see Pratt v. Brown, 80 Texas, 608, 16 S.W. 443, 446; Haverbekken v. Hollingsworth (Texas Civ. App.) 250 S.W. 261, 265."

Both of these authorities were cited by the Galveston Court of Civil Appeals in Robinson v. Lovell et al, 238 S.W. 2d 294, 298, in holding that delay in taking the accused before a magistrate until the office was open or until the prisoner became sober posed the question of whether the delay was reasonable.

The provisions of Art. 6701d V.C.S. were before the Supreme Court of Texas in Hicks v. Matthews, 266 S.W. 2d 846, opinion by Chief Justice Hickman, wherein is found the following:

"The word 'immediately' is a term of relative signification. Sometimes it is understood to mean instantaneously or without intervention of time, but, as used in most statutes, it is not to be construed so strictly. The law must be given a practical and reasonable application. Accordingly, the word 'immediately' is very generally held to mean with due diligence. The accused has the right to be presented without delay, but the question of what is delay must be determined by all the facts and circumstances. Necessarily some time must elapse between the arrest and the presentment before the magistrate. Venable v. Huddy, 77 N.J.L. 351, 72 A. 10; Mullins v. Sanders, 189 Va. 624, 54 S.E. 2d 116; State for Use of Kelley v. Yearwood, 204 Miss. 181, 37 So. 2d 174; Fouraker v. Kidd Springs Boating and Fishing Club, Texas Civ. App., 65 S.W. 2d 796 (no writ history); Haverbekken v. Hollingsworth, Texas Civ. App., 250 S.W. 261 (no writ history); Bishop v. Lucy, 21 Texas Civ. App. 326, 50 S.W. 1029 (no writ history). While courts must safeguard the rights of individuals, they should not impose liability upon peace officers for delays which are reasonable under all the circumstances. The statute does not make it the duty of the officer to take the accused to the office of the justice of the peace when he knows or has good grounds for the belief that the justice is not in his office."

As we view the record the fact that appellant was confined in jail from 8 P.M., the time of his arrest, until the following morning does not show an unreasonable or unnecessary delay in taking him before a magistrate as required by Art. 217 C.C.P. and Sec. 147 of Art. 6701d V.C.S.

The judgment is affirmed.