

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 16, 1957.

Honorable Earle Caddel,
County Attorney,
Uvalde County,
Uvalde, Texas.

Dear Sir:

Opinion No. WW 136

Re: Authority of Sheriff to
set the amount of, and
accept a bail bond when
the accused is arrested
without a warrant.

We acknowledge receipt of your letter, requesting an opinion on the question of whether or not a Sheriff may set and accept a bail bond when the accused is arrested without warrant.

You have asked two questions as follows:

"(1) Where an accused is lawfully arrested without a warrant, as for drunk driving, drunk in a public place, disturbing the peace, etc., in the presence of the arresting officer, and is placed in the county jail in custody of the sheriff to a-wait the next regular office hours of the nearest magistrate, is the sheriff author-ized to set the amount of and accept a bail bond from the accused?

"(2) If the sheriff is so authorized under the law, should such bail bond be for the accused's appearance before the nearest magistrate, (naming him) at his next regular office hours (stating the time and place)?"

It is stated in the case of Turpin et al v. State, 215 S.W. 455 (1919), 86 Tex. Cr. 96, that bail bonds are statu-tory, and the terms of the statute must be strictly followed.

Therefore, to answer your question, we must look to the statutes upon this subject.

Bail is defined in Article 267, Vernon's C.C.P. as follows:

" 'Bail' is the security given by the accused that he will appear and answer before the proper court the accusation brought against him."

Article 270 C.C.P. provides:

"A bail bond is entered into either before a magistrate, upon an examination of a criminal accusation, or before a judge upon an application under habeas corpus; or it is taken from the defendant by a peace officer who has a warrant of arrest or commitment."

Article 286 C.C.P. provides:

"The Sheriff, or other peace officer, in cases of misdemeanor, has authority, whether during the term of the court or in vacation, where he has a defendant in custody under a warrant of commitment, warrant of arrest, or capias, or where the accused has been surrendered by his bail, to take of the defendant a bail bond."

Article 287 C.C.P. provides:

"In cases of felony, when the accused is in custody of the sheriff or other peace officer, and the court before which the prosecution is pending is in session in the county where the accused is in custody, the court shall fix the amount of bail, if it is a bailable case; and the sheriff, or other peace officer, unless it be the police of a city, is authorized to take a bail bond of the accused in the amount as fixed by the court, to be approved by such officer taking the same, and will thereupon discharge the accused from custody.   It shall not be necessary for the defendant or his sureties to appear in court."

Article 288 C.C.P. provides:

"In a felony case, if the court before which the same is pending is not in session in the county where the defendant is in custody, the sheriff, or other peace officer having him in custody, may take his bail bond in such amount as may have been fixed, by the court or magistrate, or, if no amount has been fixed, then in such amount as such officer may consider reasonable."

The above stated statutes deal with the fixing and acceptance of bail.

Concerning arrests without a warrant the following statutes are pertinent:

Article 212 C.C.P. states:

"A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace.'"

Article 213 C.C.P. provides:

"A peace officer may arrest, without warrant, when a felony or breach of the peace has been committed in the presence or within the view of a magistrate, and such magistrate verbally orders the arrest of the offender."

Article 215 C.C.P. provides:

"Where it is shown by satisfactory proof to a peace officer, upon the presentation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

These statutes are the ones permitting arrests without warrant. Then Article 217 C.C.P. provides what the officer must do after making the arrest. It states:

"In each case enumerated in this chapter, the person making the arrest shall immediately take the person arrested before the magistrate who may have ordered the arrest, or before the nearest magistrate where the arrest was made without an order."

The statutes clearly state when arrests may be made without warrant and Article 217 C.C.P. provides the officer's duty on making the arrest without warrant.

The statutes dealing with bail permitting the sheriff to take bail contemplate an arrest by virtue of a warrant.

Therefore, in answer to your first question, we hold that the sheriff is not authorized to set the amount of and accept a bail bond from the accused.    There is no statutory authority to permit such procedure.

Article 217 C.C.P. was discussed in the recent case of Gilbert v. State, 284 S.W.2d 906 (1955).    This opinion deals with the subject of what is a reasonable time to carry the accused before a magistrate.

In view of our answer to your first question, it becomes unnecessary to answer question No. 2.

## SUMMARY

There is no statutory authorization for a sheriff to set the amount of and accept a bail bond from an accused arrested without warrant.

Yours very truly

WILL WILSON
Attorney General

By J. L. Smith

J. L. Smith
Assistant

JLS:pf:rh

APPROVED:

OPINION COMMITTEE

H. Grady Chandler
            Chairman
L. P. Lollar
Edwin P. Horner
Grundy Williams

REVIEWED FOR THE ATTORNEY GENERAL

By:  Geo. P. Blackburn