**Alice LAMB and Bill Lamb,**
**Plaintiffs,**

v.

**Jessie CARTWRIGHT and Don Merrill,**
**Defendants.**

**No. B–73–CA–347.**

United States District Court,
E. D. Texas,
Beaumont Division.

Feb. 28, 1975.

Benton Musslewhite, Houston, Tex., for plaintiffs.

Stanley Coe, Dist. Atty., Kountze, Tex., George P. Kirkpatrick, Jr., County Atty., Hardin County, Kountze, Tex., Robert Q. Keith, Beaumont, Tex., for defendants.

## MEMORANDUM OPINION

JOE J. FISHER, Chief Judge.

This action arises out of the alleged unlawful arrest and detention of Alice and Bill Lamb by Hardin County Deputy Sheriffs Jesse Cartwright and Don Merrill. Jurisdiction of this action is pursuant to the Civil Rights Act; more specifically Title 42 U.S.C. §§ 1983, 1985 and Title 28 U.S.C. § 1343.

Alice and Bill Lamb were the proprietors of the Torch Lounge in Hardin County, Texas. On Saturday, November 8, 1971, a stabbing incident occurred at the Torch Lounge. The following afternoon the Defendants went out to the Torch Lounge to investigate the incident; arriving at approximately 7:30 p. m.. No warrants had been issued concerning the previous night's scuffle.

While the Defendants were out in the parking lot discussing the incident with patrons of the establishment Bill Lamb drove up. Lamb appeared to have been drinking at that time and an argument between Deputy Sheriff Cartwright and Bill Lamb ensued in which Lamb started cursing and using abusive language. Deputy Cartwright, after some discussion, told Mr. Lamb that he was under arrest grabbing Lamb by the right arm. Lamb pulled away and made some move with his hands which Cartwright interpreted as threatening, and Deputy Sheriff Cartwright struck Lamb with his fist knocking him to the ground. Deputy Merrill then searched and handcuffed Lamb.

The two deputies then proceeded to take Bill Lamb to their car at which time Alice Lamb intervened. She stated that if they were going to take her husband in, she was going too. Mrs. Lamb then got in the car, but subsequently was allowed to get out again when one of the patrons requested that she wanted to retrieve her purse from the lounge. As Alice Lamb was coming out of the Lounge the deputies were attempting to drive off and she got in front of the car, causing them to stop. Mrs. Lamb was told that if she rode to town she would spend the night in jail. She then got back into the car at which time she and her husband were taken to the Hardin County jail where they were booked and placed in jail. The following morning they were taken before the Justice of the Peace and bond was set.

■ The arrest and subsequent detention of Bill Lamb by the deputies was not unlawful nor did they violate his civil rights in the process of doing so. Within the limits of the Fourth Amendment, the law of the State determines the validity of a warrantless arrest, Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), and in determining if the officers in the instant case could effect a lawful arrest without warrant, we must look to the law of Texas. Antelope v. George, 211 F.Supp. 657 (N.D.Idaho, 1962), cf. Nesmith v. Alford, 318 F.2d 110, 125 (5th Cir. 1963).

Article 14.01, Vernon's Ann.C.C.P. provides that "A peace officer . . . may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace." Pursuant to the above provision there has been a long history of Texas cases which have upheld the right of a police officer to make an arrest without a warrant where one was found intoxicated in a public place. Johnson v. State, 397 S. W.2d 441 (Tex.Cr.App.1965); Chambler v. State, 416 S.W.2d 826 (Tex.Cr.App. 1967). The Court of Criminal Appeals held in McEathron v. Texas, 163 Tex. Cr.R. 619, 294 S.W.2d 822 (1956), that drunkenness is an "offense against the public peace." The evidence as to Bill Lamb's appearance, the manner of his speech and the fact that his eyes looked glassy was sufficient to give the Defendant reason to believe that he was intoxicated, and, furthermore, the breathalyzer tests administered to Lamb at the jail confirmed the beliefs of the officers.

# 1084

■ The striking of Bill Lamb by Deputy Cartwright with his fist was reasonable under the circumstances and was not an excessive use of force. As stated in Howell v. Cataldi, 464 F.2d 272 (3rd Cir. 1972), the application of force in and of itself does not constitute a violation of a person's constitutional rights. There the court said, "We have heretofore observed that not every application of force by a police officer, even in a prison or police station, offends the law or Constitution. But where the application of that force exceeds that which is reasonable and necessary under the circumstances, and also 'violates standards of decency more or less universally accepted,' . . . such conduct clearly extends beyond the pale." Thus, while the Courts have uniformly held that unreasonable force by an arresting officer constitutes a denial of due process, Morgan v. Labiak, 368 F.2d 338 (10th Cir. 1966), it is equally true that an officer may exercise a reasonable degree of force to effect an arrest without incurring liability under Title 42 U.S.C. § 1983, Conklin v. Barfield, 334 F.Supp. 475 (D.C.W.D.Mo.1971). The reputation which Bill Lamb had in the community for carrying a weapon in his belt was well known to Deputy Cartwright and he was justified in being alerted, and in striking Lamb when Lamb pulled away and made a threatening gesture with his hand when placed under arrest. Mr. Lamb was struck once by Cartwright with his fist, and the allegations that Lamb was kicked or beat with a black jack cannot be found from a preponderance of the evidence.

■ ■ The Court further finds that the plaintiffs were not denied their constitutional rights because they were not taken before a magistrate until the following morning. The right to be taken before a magistrate is one which must be viewed in light of the attendant circumstances. Gilbert v. State, 162 Tex.Cr.R. 290, 284 S.W.2d 906 (1955), Hicks v. Matthews, 153 Tex. 177, 266 S. W.2d 846 (1954). In this case the Plaintiffs were ·arrested on a Sunday evening and the office of the Justice of the Peace was not open. Under these circumstances it was not an unreasonable delay to wait until the next morning before taking them before the magistrate.

■ The Defendants further contend that the arrest and detention of Alice Lamb was lawful, in that, she was willfully opposing or resisting an officer in the line of duty. Such action they argue was a violation of Article 339, V.T.C.A., Penal Code, "Opposing arrest of another for misdemeanor," and as such was an offense against the public peace committed in the presence of the arresting officer. Thus, such an arrest they say would be proper without a warrant under Art. 14.01, supra.

The Court, having reviewed all of the evidence presented in this case, is unable to find any evidence whatsoever that would substantiate a finding that Alice Lamb opposed or resisted either of the officers in arresting her husband. In fact, the evidence is quite to the contrary. The Defendants argue that Mrs. Lamb resisted or interfered with the arrest when she stepped in front of the car as the officers were attempting to drive off with her husband. However, the testimony was that Mrs. Lamb had intervened when they were about to place Bill Lamb in the car and she was told that if she got in the car she would be placed under arrest. After getting in the car she was then allowed to get back out so that she could unlock the door to the lounge in order for one of the patrons to get her purse. Upon coming back out the officers were attempting to drive off, and then at that time she stepped in front of the car stopping them. A deputy sheriff then told her that, "If you ride to town you are going to spend the night in jail, that is it." It is quite apparent that Alice Lamb was not under arrest when she initially got in the car, if so why would the deputies drive off without her, and her actions subsequently in stepping in front of the

car so that they would not leave her could only be interpreted that she wished to go with her husband and would not on its face constitute an unlawful interference with the arrest process. No evidence was introduced as to any actual interference by Alice Lamb with the officers in their attempt to arrest her husband, Bill Lamb. As stated in McBeath v. Campbell, 12 S.W.2d 118 (Comm.App., 1929), "There is no proof that the plaintiff had committed an offense classed as a felony, or against the public peace in the presence of a peace officer, or any other person, as to authorize an arrest without a warrant, under article 212, Code Criminal Procedure". Thus the actions of the officers in arresting and detaining her overnight in jail were unlawful.

■ To recover damages under the Civil Rights Act for wrongful arrest it must be shown that the officers were acting under color of state law and that they deprived the Plaintiff of a constitutional right. Giordano v. Lee, 434 F.2d 1227 (8th Cir. 1970); Whirl v. Kern, 407 F.2d 781 (5th Cir. 1968). An individual's right to be free from unlawful arrest is clearly such a constitutionally protected right which, if violated, may be the basis for a suit such as this. Luker v. Nelson, 341 F.Supp. 111 (D.C.N. D.Ill.1972); Joseph V. Rowlen, 402 F.2d 367, 370 (7th Cir. 1968); Nesmith v. Alford, supra. The actions of the Defendants were without question under "color of state law" in that they were duly appointed deputies enforcing the Penal Law of this state. Beauregard v. Wingard, 230 F.Supp. 167 (D.C.S.D.Cal. 1965).

■ Even though the Court has found that the arrest and detention of Bill Lamb was lawful, the actions by the deputies in arresting and detaining Alice Lamb were without justification and were unlawful. The Plaintiffs in this action have not submitted any proof of actual damages of any specific amount. Absence of actual damages does not in and of itself defeat an action under Section 1983 or 1985. Washington v. Official Court Stenographer, 251 F.Supp. 945 (D.C.E.Pa.1966); nominal damages may be presumed, Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965). In this type of action an award of exemplary or punitive damages is authorized in appropriate circumstances.

■ There can be no doubt that the Plaintiff, Alice Lamb, has suffered humiliation and embarrassment in addition to being deprived of her Federal constitutional rights. Therefore, it is the judgment of this Court that the Plaintiff, Alice Lamb, is entitled to recover damages in the sum of One Thousand and No/100 ($1,000.00) Dollars.

Judgment will be entered consistent with the Findings of Fact and Conclusions of Law made by the Court in this Memorandum Opinion, with costs of Court adjudged against the Defendants.